**Allison SCOTT–RICHTER, Individually, a/k/a Allison Scott, Allison L. Scott, as Trustee of the Thomas Eugene Scott, Jr. Living Trust, and Allison L. Scott, as Trustee of the Allison L. Scott Trust, Appellants,**

v.

**Diana TAFFARELLO and Robert L. Soltis, Jr., Appellees.**

No. 2–05–122–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 2, 2006.

Law Office of James P. Moon, PLLC, James P. Moon, Desoto, for appellants.

Law Office of Bruce K. Thomas, Bruce K. Thomas, David Spoede, Dallas, for appellees.

PANEL A: CAYCE, C.J.; HOLMAN and McCOY, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

### I. INTRODUCTION

Appellants Allison Scott–Richter, Individually, a/k/a Allison Scott, Allison L. Scott, as Trustee of the Thomas Eugene Scott, Jr. Living Trust, and Allison L. Scott, as Trustee of the Allison L. Scott Trust ("Appellants," if jointly) appeal from an order granting an amended motion to enforce a settlement agreement between Appellants and Appellees Diana Taffarello and Robert L. Soltis ("Appellees," if jointly). In five issues, Appellants complain that the trial court erred as a matter of law by granting the amended motion to enforce the settlement agreement, that the trial court abused its discretion by denying their request for a jury trial and by awarding attorneys' fees to Appellees, and that the filing of a notice of settlement constitutes an unlawful taking of property in violation of the United States and Texas Constitutions. We affirm.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Taffarello filed her original plaintiff's petition on January 29, 2004. Taffarello alleged that she had entered into a real property lease with Appellants and that Appellants later agreed to sell her the leased property. According to the petition, however, Appellants subsequently advised Taffarello that they would not sell the property to her. In addition to seeking a declaratory judgment regarding her right to continued possession of the property, Taffarello asserted claims for breach of the real estate contract, fraud, and breach of a lease agreement. Appellants answered Taffarello's petition and asserted a third-party claim against Soltis.

The parties went to mediation on July 14, 2004 and agreed to a number of terms as evidenced in a written Memorandum of

Settlement ("Memorandum"). The Memorandum, among other things, indicates that Taffarello's lawsuit is to be dismissed, describes how the net proceeds of the sale are to be divided after the property is sold, provides for the drafting of a "compromise settlement agreement" and "trust agreement," and designates a settlement closing date of August 13, 2004, which the parties later agreed to extend by two weeks. In mid-August, counsel for Appellants allegedly advised Taffarello that they would no longer negotiate regarding the settlement documents. Appellants' counsel also filed a motion to withdraw and a motion to abate the case.

Appellees responded with a letter dated August 24, 2004, which demanded that Appellants engage in good faith negotiations in regard to the remaining settlement documents and that the parties return to mediation. Appellees received no response to the letter, and consequently, the parties were unable to reach an agreement regarding the preparation of the additional documents contemplated by the Memorandum. As such, the parties did not close on the designated date, and Appellees filed a motion to enforce the settlement agreement on September 17, 2004; they amended the motion on October 7.

Appellees' amended motion to enforce the settlement agreement requested that the trial court declare, among other things, that the Memorandum is a binding Rule 11 settlement agreement,[1] that the "Compromise and Settlement Agreement" attached to the motion is the compromise settlement agreement specified in the Memorandum, that the "Cole Richter Irrevocable Trust Agreement" also attached to the motion is the trust instrument specified in the Memorandum, and that the "Notice of Settlement" attached to the motion is "proper and appropriate."

On October 13, 2004, the trial court heard arguments on the pending motions, which included a motion filed by Appellants to continue the hearing on the motion to enforce because of their attorney's pending motion to withdraw. The trial court ultimately granted Appellants' counsel's motion to withdraw, recessed the hearing on the amended motion to enforce the settlement agreement until a later date, ordered the parties to return to mediation, and awarded Appellees $5,000 in attorneys' fees.

The parties returned to mediation but were unable to reach a compromise regarding the terms of the Memorandum calling for further agreement. On November 15, 2004, Appellees filed their first amended petition and third-party defendant counterclaims, which, in addition to re-asserting claims for breach of the real estate contract and lease agreement, asserted a claim for breach of the Memorandum. On November 19, 2004, the parties entered into a second Rule 11 agreement, which partially provided:

> We have agreed that your clients, Allison Scott, a/k/a Allison Scott–Richter, individually, and as Trustee of the Thomas Eugene Scott, Jr., Living Trust, and as Trustee of the Allison L. Scott Trust (collectively, "Scott"), will not challenge the validity or enforceability of the Memorandum of Settlement dated July 14, 2004 (the "Memorandum") by and between Scott and Diana Taffarello ("Taffarello") and Robert Soltis, Jr. ("Soltis"). In particular, but without limiting the generality of the foregoing, Scott agrees not to raise lack of competency, duress, lack of essential term(s), tax effect or consequences, violation of any other trust, or any other matter as a

---

1. Tex.R. Civ. P. 11.

bar or defense to the Memorandum. *Scott further agrees that she will not challenge or contest the Amended Motion to Enforce Settlement Agreement filed by Taffarello and Soltis.* [Emphasis added.]

Notwithstanding this language, Appellants filed a request for a jury trial on December 14, 2004. The trial court heard the amended motion to enforce the settlement agreement three days later on December 17, and despite Appellants' arguments that they were entitled to a jury trial on Taffarello's breach of contract claim, the trial court granted the motion to enforce.

Appellants filed a motion for new trial on January 18, 2005, which the trial court subsequently denied. This appeal followed.

### III. JURISDICTION

We begin our analysis by determining whether we have jurisdiction to consider this matter. Appellees assert that this appeal should be dismissed for lack of jurisdiction because Appellants' notice of appeal was not timely filed. We disagree.

The trial court signed its final judgment on December 17, 2004. Appellants timely filed a motion for new trial; therefore, Appellants' notice of appeal was due on or before March 17, 2005. *See* Tex. R.App. P. 26.1(a)(1). On March 30, 2005, Appellants filed their notice of appeal with the District Clerk of Denton County, Texas. On April 6, 2005, we notified Appellants of our concern that the notice of appeal was not timely filed. We informed Appellants that if we did not receive a response from them within twelve days showing a reasonable explanation for the late filing of the notice of appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex.R.App. P. 10.5(b), 26.3(b), 42.3(a); *Jones v. City of Houston,* 976

S.W.2d 676, 677 (Tex.1998); *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997).

Appellants responded by filing a motion for extension of time to file their notice of appeal. Because Appellants' motion was not filed within fifteen days of the date the notice of appeal was due, we were not authorized to grant the motion, and we took no action on the motion. *See* Tex. R.App. P. 26.3. However, inasmuch as Appellants filed their notice of appeal with the proper trial court clerk within fifteen days of the due date, a motion for extension of time was necessarily implied. *See Verburgt,* 959 S.W.2d at 617 (holding a motion for extension of time is necessarily implied when an appellant acting in good faith files a document attempting to perfect the appeal beyond the time allowed by the appellate rules, but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline).

Accordingly, we construed Appellants' motion as a response to our April 6, 2005 letter questioning our jurisdiction. Consequently, the question before us was whether Appellants provided a reasonable explanation for the late filing of their notice of appeal within the fifteen-day period of Rule 26.3. *See* Tex.R.App. P. 26.3; *Hone v. Hanafin,* 104 S.W.3d 884, 886–87 (Tex. 2003); *Jones,* 976 S.W.2d at 677; *Verburgt,* 959 S.W.2d at 617. Appellants explained that their failure to timely file their notice of appeal was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance in the calculation of the deadline and the mis-docketing of such date on the calendar of Appellants' counsel. On April 18, 2005, we issued an order finding that Appellants had provided a reasonable explanation for the late filing of their notice of appeal.

Appellees filed a motion asking us to reconsider our order. Appellees asserted that the notice of appeal was not timely filed, and they further contended that this appeal must be dismissed because the body of Appellants' notice of appeal recites, "This appeal is taken to the Fifth Court of Appeals of the State of Texas in Dallas, Texas."

On May 9, 2005, we denied Appellees' motion for reconsideration and permitted Appellants ten days to file an amended notice of appeal reciting that they were appealing to the Court of Appeals for the Second District of Texas. *See* TEX.R.APP. P. 25.1(d)(4), (f) (providing that an "amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court"), TEX.R.APP. P. 44.3 ("A court of appeals must not … dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."); *Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex.1994) (holding that if an appellant makes a bona fide attempt to invoke the jurisdiction of the appellate court, the appellant must be permitted to file an amended notice of appeal); *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121–22 (Tex.1991) ("[T]he decisions of the courts of appeals [should] turn on substance rather than procedural technicality."). Appellants timely filed an amended notice of appeal that complied with the requisites of Rule 25.1(d). *See* TEX.R.APP. P. 25.1(d).

2. On appeal, Appellees do not challenge the reasonableness of Appellants' explanation for the late filing of their notice of appeal. *See Hone*, 104 S.W.3d at 886–87 (discussing what constitutes a reasonable explanation for late filing of a notice of appeal).

3. Appellees' brief states that Appellants filed a motion for extension of time to file their notice of appeal in the Court of Appeals for the

Accordingly, we hold that Appellants offered a reasonable explanation for the late filing of their notice of appeal,[2] which they timely amended, and we have jurisdiction over this appeal.[3]

## IV. REQUEST FOR JURY TRIAL

■ In their first issue, Appellants argue that the trial court abused its discretion by denying their request for a jury trial. They contend that their demand for a jury trial was timely and that their federal constitutional rights under the Seventh Amendment to the United States Constitution, their state constitutional rights under Article 5, Section 10 of the Texas Constitution, and their statutory rights under Texas Rule of Civil Procedure 216 were violated. Appellees respond that Appellants' request for a jury trial pertains only to Appellees' breach of contract claim, which was abandoned by Appellees and dismissed by the order granting the amended motion to enforce the settlement agreement and final judgment. We agree.

Appellants argued repeatedly during the hearing on the amended motion to enforce the settlement agreement that they were entitled to a jury trial on Appellees' breach of contract (Memorandum) claim. Counsel for Appellants argued,

In that First Amended Petition … Mr. Spoede asserted a claim for breach of contract of the Settlement Agreement and a claim for declaratory judgment. Both of those claims are claims that under Article 5, Section 10 of the Texas

Fifth District of Texas, which refused to act. Our record does not contain any such motion, but even if it did, the motion would not have any significance in our decision that Appellants offered a reasonable explanation for the filing of their notice of appeal with the proper trial court clerk within fifteen days of the due date.

Constitution, these defendants are entitled to a trial by jury on those claims.

Counsel continued,

> [I]f the Court construes, and we believe the Court cannot reach any other conclusion but that there are still two breaches of Settlement Agreement—two causes of action still outstanding, then this matter needs to go ahead and proceed to trial in February as the Court currently has it set.
>
> . . . .
>
> [I]f they are asserting a claim for breach of contract, they're required to prove the breach of contract. . . . My clients have the right, based on the current state of the pleadings, to do discovery on this claim of breach of contract and declaratory judgment, to call witnesses, to have documents produced, to take depositions, and most important, to try to have a jury trial in connection with this.

Finally, counsel argued,

> We believe that the Court ought to set this matter for trial, that Ms. Scott and the remaining defendants ought to be allowed the opportunity as they are given the right under the Texas Constitution to defend against the claims of breach of contract and the declaratory judgment claims. . . .

Counsel for Appellees, however, responded that they were withdrawing the breach of contract claim. He said,

> Once he [opposing counsel] signed the Rule 11 Agreement saying that he wouldn't oppose our Amended Motion to Enforce, it made everything moot. Everything settled except for the issue of attorney's fees. So to the extent we do have other—the same claims couched as other causes of action, *we withdraw those causes of action* because [the trial court's] order gives us all the relief we were seeking in the first place. [Emphasis added.]

At the conclusion of the hearing, the trial court, in response to a question by Appellants regarding the effect of the order as it relates to the breach of contract claim, stated it understood that Appellees were "abandoning or waiving many of those claims." Counsel for Appellees responded that the order "speaks for itself." Indeed, the order signed by the trial court provides that "[a]ny claims in this lawsuit that are not specifically addressed in this Order and Judgment, including all claims, counter-claims, cross-claims, and third-party claims, are dismissed with prejudice to the refiling of same."

Our review of the order indicates that it does not address Appellees' breach of contract claim, specifically or as part of its declarations. Thus, because Appellees withdrew their breach of contract claim during the hearing and because the order granting the amended motion to enforce the settlement agreement expressly dismisses the breach of contract claim, Appellants' argument that they are entitled to a jury trial on Appellees' breach of contract claim is moot. *See* TEX.R.APP. P. 47.1; *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2000) (reasoning that case is moot if live controversy ceases to exist); *In re Guardianship of Keller*, 171 S.W.3d 498, 500 (Tex.App.-Waco 2005, pet. filed) (reasoning that appellate courts lack jurisdiction to consider issues that have been rendered moot). Moreover, to the extent Appellants' argument can be interpreted as challenging the denial of a jury trial on the declaratory judgment claims as violative of Article 5, Section 10 of the Texas Constitution and the Seventh Amendment to the United States Constitution, the record reflects that Appellants agreed by the November 19, 2004 Rule 11 agreement not to challenge or contest the amended motion to enforce the settlement agreement,

which the order tracks substantially verbatim. Accordingly, the trial court did not abuse its discretion by denying Appellants' request for a jury trial. We overrule Appellants' first issue.

## V. AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT AND CONSTITUTIONAL CHALLENGES

In their second issue, Appellants argue that the trial court erred as a matter of law by granting the amended motion to enforce the settlement agreement because it had the effect of imposing additional material terms to the agreement that the parties had yet to negotiate and agree upon. Appellants contend that there is no evidence or insufficient evidence that they agreed to be bound by the compromise settlement agreement, trust agreement, and notice of settlement and that the issue of whether they agreed to be bound by the terms of these agreements should have been set for a jury trial. In their third issue, Appellants argue—without citing any authority—that the denial of their right to a jury trial on these issues denied them due process under the Texas and federal constitutions and constituted an unlawful taking of property under the Fifth Amendment to the United States Constitution. In their fourth issue, Appellants argue—without citing any authority—that the filing of the "Notice of Settlement" in Denton County results in an unconstitutional taking of property. Appellees respond that the November 19, 2004 Rule 11 agreement resolved any dispute as to the enforceability of the settlement agreement and the documents drafted to effectuate it. We agree.

■ Pursuant to Rule 11, no agreement between the parties or their attorneys shall be enforceable unless the agreement is either (1) in writing, signed by the parties, and filed with the papers as part of the record or (2) made orally in open court and entered as part of the record. TEX.R. CIV. P. 11. Rule 11 aims to eradicate the misunderstandings and controversies commonly associated with verbal agreements among parties and counsel. *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex.1995). Agreements in writing and filed with the court allow the writings to "speak for themselves" so that "the court can judge of their import, and proceed to act upon them with safety." *Id.* A trial court has a ministerial duty to enforce a valid Rule 11 agreement. *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex.App.-Houston [1st Dist.] 2005, pet. filed).

■ Here, the clerk's record contains a "Notice of Filing of Rule 11 Agreement." The document states that it "is an enforceable agreement under Rule 11 of the Texas Rules of Civil Procedure," contains the signatures of both Appellants' and Appellees' attorneys, and was filed with the trial court as part of the record on December 8, 2004. Dated November 19, 2004, the agreement states that Scott[4] "*agrees that she will not challenge or contest the Amended Motion to Enforce Settlement Agreement filed by Taffarello and Soltis.*" [Emphasis added.] We hold that the attorneys, on behalf of their clients, entered into a valid Rule 11 Agreement that the trial court had a ministerial duty to enforce. *See* TEX.R. CIV. P. 11; *ExxonMobil Corp.*, 174 S.W.3d at 309.

■ The amended motion to enforce the settlement agreement that Appellants agreed not to contest sought a declaration by the trial court that the Memorandum entered into by the parties on July 14, 2004 is a binding and enforceable Rule 11

4. In the agreement, Scott refers to Appellants, i.e., Scott in all of her capacities.

settlement agreement; that the "Compromise and Settlement Agreement" attached to the amended motion as exhibit "B" constitutes the compromise settlement agreement specified in paragraph 4 of the Memorandum; that the "Cole Richter Irrevocable Trust Agreement" attached to the amended motion as exhibit "C" is the trust instrument or agreement specified in paragraphs 4 and 5 of the Memorandum; and that the "Notice of Settlement" attached to the amended motion as exhibit "D" is "proper and appropriate" and may be filed in the real property records of Denton County, Texas. Despite the valid Rule 11 agreement entered into by the parties, Appellants now attempt to challenge the "Compromise and Settlement Agreement," the "Cole Richter Irrevocable Trust Agreement," and the "Notice of Settlement" by arguing that they never agreed to the terms contained therein and by arguing that their rights under the United States and Texas Constitutions have been denied. This they cannot do. Appellants expressly agreed not to challenge the amended motion to enforce the settlement agreement. By so agreeing, they foreclosed their ability to complain on appeal regarding the terms of the motion and subsequent order granting the same. As Appellees state in their brief,

> By executing the Nov. 19 Rule 11 Agreement, counsel resolved the very issues he now attempts to challenge in this appeal: the enforceability of the mediated settlement agreement and the documents drafted to effectuate it. . . . Moreover, the amended motion to enforce incorporates each of the documents Scott now claims go beyond the settlement agreement. Appellants agreed to each one by agreeing not to contest the amended motion to enforce.

The trial court's order granting Appellees' motion to enforce the settlement agreement and final judgment tracks the language in the motion closely and states,

> 1. The Memorandum of Settlement entered into by the parties and dated July 14, 2004, is declared to be a binding and effective settlement agreement that is enforceable under contract law and under Rule 11 of the Texas Rules of Civil Procedure. . . .
>
> 2. . . . The Compromise and Settlement Agreement is hereby declared to constitute the compromise settlement agreement specified in paragraph 4 of the Memorandum of Settlement, and to be a final and binding agreement of all of the parties as if each party hereto had properly signed and executed it. . . .
>
> 3. . . . The Cole Richter Irrevocable Trust Agreement is hereby declared to be that trust instrument or agreement specified or referenced in paragraphs 4 and 5 of the Memorandum of Settlement, and in paragraphs 2 and 3 of the Compromise and Settlement Agreement, and shall be fully enforceable and effective as if properly signed and executed by each of the parties. . . .
>
> 4. The document attached as Exhibit "B" to the Compromise and Settlement Agreement [entitled Notice of Settlement and Net Sales Proceeds Interest] is hereby declared to be proper and appropriate. Taffarello may sign and file the Memorandum in the real property records of Denton County, Texas.

Appellants never challenged the validity and enforceability of the November 19, 2004 Rule 11 agreement (e.g., by attacking it on the grounds of fraud or mistake or by arguing that an exception applies), and they do not raise such a challenge on appeal. And the Rule 11 agreement is clear and unambiguous. Accordingly, because Appellants agreed not to challenge or contest the amended motion to enforce the settlement agreement pursuant to a

valid Rule 11 agreement, the trial court did not err by performing its ministerial duty and granting Appellees' amended motion to enforce the settlement agreement. *See* Tex.R. Civ. P. 11; *ExxonMobil Corp.,* 174 S.W.3d at 309; *see also Childers v. King Ranch, Inc.,* No. 13–03–006–CV, 2005 WL 774512, at *5 (Tex.App.-Corpus Christi April 7, 2005, no pet.) (mem.op.) (holding trial court did not abuse its discretion by granting relief in strict accordance with parties' rule 11 agreements). We overrule Appellants' second, third, and fourth issues.

## VI. ATTORNEYS' FEES

In their fifth issue, Appellants argue that the trial court abused its discretion by awarding Appellees attorneys' fees. Appellants contend that the trial court should not have considered Appellees' request for attorneys' fees because Appellants were without legal representation at the time of the award, the award was premature, and Appellants were entitled to a jury trial on the issue of attorneys' fees.

■ We initially note that Appellants failed to present any of these arguments during the October 13, 2004 hearing at which the trial court awarded Appellees attorneys' fees; thus, they failed to put the trial court on notice of their objections to the award. *See* Tex.R.App. P. 33.1(a)(1)(A). After counsel for Appellees requested $5,000 in attorneys' fees, the trial court asked for a response from Appellants' counsel, who stated, "Well, obviously, we oppose that." The trial court indicated thereafter that it was awarding Appellees the attorneys' fees. Appellants also fail to cite one single authority for each of the three arguments raised in their brief. *See* Tex.R.App. P. 38.1(h). Accordingly, Appellants failed to preserve these arguments for appellate review.

■ Nonetheless, Appellants' arguments are unpersuasive. Appellants were not without counsel at the time the trial court awarded Appellees attorneys' fees. The record clearly indicates that the trial court awarded Appellees attorneys' fees before granting Appellants' counsel's motion to withdraw. Moreover, as demonstrated above, the trial court afforded Appellants an opportunity to argue against the request for attorneys' fees. Regarding Appellants' prematurity argument, the trial court had two subsequent opportunities to consider the award; Appellants filed their "Motion for Reconsideration or to Set Aside Order Granting Attorney's Fees" on December 16, 2004 and motion for new trial on January 18, 2005. The trial court ultimately upheld the award of attorneys' fees. Appellants lastly argue that they are entitled to a jury trial on the issue of attorneys' fees because "the right to such recovery was necessarily predicated upon Appellees' successful prosecution of their claims that the Memorandum was an enforceable agreement and that the Appellants had breached it." However, as we discussed in Section IV above, Appellees waived their breach of contract claim in open court, and the order granting their amended motion to enforce the settlement agreement expressly dismisses all claims not addressed in the order, which includes Appellees' breach of contract claim. We hold that the trial court did not abuse its discretion by awarding Appellees ` attorneys' fees. Accordingly, we overrule Appellants' fifth issue.

## VII. CONCLUSION

Having overruled all of Appellants' issues, we affirm the trial court's judgment.