

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00031-CV

_____

IN THE INTEREST OF I.D.T., A CHILD

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 05C 0843-005

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

David Teague appeals from an order involving visitation with the minor child, I.D.T. In short, the mother lives in Texarkana, Texas, and Teague lives in Conway, Arkansas, and the modification proceeding that is the subject of this appeal concerned the method and timing used in transferring the child from one parent to the other.[1]

Teague raises a single point of error. He contends that

> The trial court erred in Ordering that the paternal grandparents could not transport the child [I.D.T.] to or from Conway (*Arkansas*) to Texarkana (*Texas*), Malvern, (*Arkansas*) or Arkadelphia (*Arkansas*).

Following the expression of his contention of error, under the title "Index of Authorities," the following appears:

> The Court record is sufficient for the Honorable Justices hearing this matter to find that the trial Court abused its discretion in ordering that the paternal grandparents are not competent adults that may be designated to pick up and return the child.
>
> NO OTHER AUTHORITIES ARE SUBMITTED[.]

For an issue to be properly before this Court, the issue must be supported by argument and authorities and must contain appropriate citations to the record. *See* TEX. R. APP. P. 38.1(h); *Knoll v. Neblett*, 966 S.W.2d 622, 639 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

For an advocate to recite facts, and then state that he or she should therefore prevail—is insufficient. When a brief contains no authority to support its argument, a point is inadequately

---

[1] Originally, there were also issues about child support and back child support, but those were disposed of by agreement before the hearing.

2

briefed. *Bowles v. Reed*, 913 S.W.2d 652, 661 (Tex. App.—Waco 1995, writ denied). Rule 38.1(h) and its predecessor, former Rule 74(f) have consistently been found to mean that an appellant presents the court of appeals with nothing to review when he or she fails to cite any authority for the argument or arguments in his or her points of error. *Id.*; *Hunter v. NCNB Tex. Nat'l Bank*, 857 S.W.2d 722, 725 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *Malouf v. Dallas Athletic Country Club*, 837 S.W.2d 674, 678 (Tex. App.—Dallas 1992, writ dism'd w.o.j.); *Essex Crane Rental Corp. v. Striland Constr. Co.*, 753 S.W.2d 751, 756 (Tex. App.—Dallas 1988, writ denied).

An inadequately briefed issue may be waived on appeal. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (discussing "longstanding rule" that point may be waived due to inadequate briefing). Teague has intentionally declined to cite one single authority for the argument raised in his brief. *See* TEX. R. APP. P. 38.1(h). A point of error not adequately supported by either argument or authorities is waived. *Knoll v. Neblett*, 966 S.W.2d 622, 639 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *Ralston Purina Co. v. McKendrick*, 850 S.W.2d 629, 637 (Tex. App.—San Antonio 1993, writ denied); *see Wright v. Greenberg*, 25 S.W.3d 666, 673 (Tex. App.—Houston [14th Dist.] 1999, pet denied). Accordingly, Teague failed to preserve the argument for appellate review. *Scott-Richter v. Taffarello*, 186 S.W.3d 182, 191 (Tex. App.—Fort Worth 2006, pet. denied).[2] Because Teague offers no legal analysis and fails to cite any authority

---

[2]We will not do the job of the advocate. *Maranatha Temple, Inc. v. Enter. Prods. Co.*, 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Most Worshipful Prince Hall Grand Lodge, Free & Accepted Masons of Tex. & Jurisdiction v. Jackson*, 732 S.W.2d 407, 412 (Tex. App.—Dallas 1987, writ ref'd n.r.e.).

to support his specific argument, he presents nothing for us to review on this issue. *See Huey v. Huey,* 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

Even if this issue were properly before us, we recognize also that the sole complaint is based only upon the supposition that the trial court found the grandparents not to be competent adults who could transport the child. That is not what is reflected by the order. The trial court made no such finding on competence, and it is apparent from the record that many other familial interactions and behavioral considerations were in play before the court when it ordered that the paternal grandparents not transport the child.

We affirm.


Jack Carter
Justice

Date Submitted:    July 16, 2008
Date Decided:    July 17, 2008