COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-385-CV

 

 

ESTATE OF WILLIAM BERNARD                                                             

HERRING, JR., DECEASED

 

                                                    

                                              ------------

 

               FROM PROBATE COURT
NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

                                          I.  INTRODUCTION








Appellant Evelyn Petzold, who is proceeding pro
se, appeals the judgment signed by the probate court awarding property (Athe
Rosemere property@) to Appellee Janis McCrary,
Independent Administratrix of the Estate of William Bernard Herring, Jr.,
Deceased.  The primary issue that we
decide is whether the trial court abused its discretion by enforcing the parties= Rule 11
agreement and awarding the Rosemere property to McCrary in her capacity as
administratrix.  We will affirm.

                          II.  FACTUAL AND PROCEDURAL BACKGROUND

The record reflects that the Rosemere property
was transferred from W.P. Brothers to Herring and his wife Juanita by warranty
deed on March 29, 1962, and that Juanita predeceased Herring.  Herring did not transfer the property during
his lifetime and continuously resided on the property from 1962 until 2005.  During part of that time, Herring allowed
several individuals to live with him, including his business partner Esther
Jackson, his cousin Paula Petzold, and Evelyn. 
As part of this living arrangement, Paula and Esther took out a $78,000
loan to expand the house to accommodate the four of them.

Herring died intestate in 2005, and thereafter,
Evelyn, Esther, and Paula filed affidavits in the Tarrant County Deed Records
challenging Herring=s sole ownership of the Rosemere
property.  Evelyn, in her affidavit, claimed
that Herring had orally given her an ownership interest in the Rosemere
property.

McCrary filed an application in the probate court
for letters of administration and was appointed the independent administratrix
of Herring=s estate.  McCrary filed an inventory, appraisement, and
list of claims and included the Rosemere property as part of Herring=s
estate.  The probate court approved the
inventory.








McCrary obtained a judgment of possession for the
Rosemere property, but the day before the writ of execution could be executed
by the sheriff, Evelyn filed for bankruptcy. 
In the bankruptcy proceedings, the bankruptcy judge indicated that a
state court should determine ownership of the property.

McCrary, in her capacity as independent
administratrix, then filed a trespass to try title lawsuit against Evelyn,
Esther, and Paula.[2]  Evelyn filed a pro se answer.  Six months after McCrary filed suit, the
parties attended mediation and entered into a written AMemorandum
of Agreement.@ 
As part of the agreement, the defendants agreed to 

give up all claims to the
house at 509 Rosemere, Fort Worth, Texas 76111 and agree[d] that no claims
thereon will be made or further asserted in United States Bankruptcy Court,
except as follows[:]  . . . (D) Upon sale
of the house, Defendants will receive 10% of the sellers distribution after all
expenses of sale including, but not limited to such items as Realtors liens,
tax liens, utility liens, materialman=s liens, mechanics liens and any other debts on
the property.

 








After the mediation, the defendants filed a
motion for summary judgment and counterclaim, along with affidavits, stating
that Athey
will follow the agreement for division made at mediation@ but
asking that the court acknowledge their affidavits and that the Rosemere
property Abe removed from the assets
listed [in Herring=s estate,] except for the
proceeds of sale due to [them].@  McCrary filed a motion requesting that the
probate court sign a judgment awarding the Rosemere property to Herring=s
estate.

The probate court held a hearing on the motion
for summary judgment and on McCrary=s motion
for judgment.  Of the defendants, only
Paula and Esther appeared at the hearing. 
At the outset of the hearing, McCrary=s
attorney stated that no proper relief was requested in the defendants= motion
for summary judgment and that the probate court should proceed on McCrary=s motion
for judgment.  McCrary=s
attorney asked that title be awarded to McCrary as administratrix and that the
probate court accept the mediation agreement as a Rule 11 agreement.  The probate court asked if the defendants had
an objection to the form of the judgment, and the following discussion took
place:

[PAULA]:    Yes, I do.  Only in the fact that I don=t understand why we=re going through this
when B

 

THE COURT:       It has been
required by the bankruptcy court.

 

[PAULA]:    This has been
required by the bankruptcy court?

 

THE COURT:       Yes, because we
control title in the State.  So title is
in dispute -- even if there is a settlement agreement.  The settlement agreement is not the Court
speaking.  I can only speak by order,
decree or judgment.  So this stands
between all of you and resolution for this matter.








[PAULA]:    Did not the mediation
that we went through -- 

 

THE COURT:       That=s how you reach an
agreement; the mediation does not put it into effect.

 

[PAULA]:    I=m still confused.  I=m not an attorney so I=m a little confused.

 

What does this actually do, this Rule 11?

 

THE COURT:       Rule 11 was your
settlement agreement; this [judgment] sets and puts into effect your settlement
agreement.

 

. . . .

 

It resolves the matter and allows the property to be sold, according
to your agreement.  The title company is
not going to close without an order from the Court. 

 








The probate court spent a great deal of time explaining to Esther and
Paula the necessity of entering a judgment, and the probate court ultimately
accepted the parties= agreement and signed a judgment
awarding the Rosemere property to McCrary as independent administratrix of
Herring=s
estate.[3]  This appeal by Evelyn followed.

                         III.  SETTLEMENT AGREEMENT WAIVES CLAIMS

Evelyn characterizes the following statements as
her Aissues@:

1). When a verbal
contractual agreement has been made, and is evidenced by the payments made, and
by the performance of both parties for an extended period of time (18 years),
there is no requirement that the contract be written to be considered valid.

 

2). In a Trespass to try
Title action a plaintiff must establish superior title out of a common source
or prove title by prior possession coupled with proof that possession was not
abandoned.

 

3). Undisputed
affidavits, executed before an independent Notary Public and sworn under
declaration of penalty of perjury, which fully state the facts of a case,
cannot be ignored or overruled.

 

4). No judgment is
necessary when a Rule 11 agreement has been reached and accepted by the Court.

 








Evelyn, in her prayer, urges us to take notice of and to acknowledge
the evidence of the verbal contract mentioned in the undisputed affidavits and
the payment records included with the motion for summary judgment, to rescind
the judgment signed by the probate court, and to Areaffirm@ the
Rule 11 agreement.  In accordance with
Texas Rule of Appellate Procedure 38.9, we liberally construe Evelyn=s four
issues as a complaint that the trial court erred or abused its discretion by
enforcing the parties= Rule 11 agreement and awarding
the Rosemere property to McCrary in her capacity as administratrix.  See Tex. R. App. P. 38.9.

Pursuant to Rule 11, no agreement between the
parties or their attorneys shall be enforceable unless the agreement is either
(1) in writing, signed by the parties, and filed with the papers as part of the
record or (2) made orally in open court and entered as part of the record.  Tex. R. Civ. P. 11.  Rule 11 aims to eradicate the
misunderstandings and controversies commonly associated with verbal agreements
among parties and counsel.  Padilla v.
LaFrance, 907 S.W.2d 454, 460 (Tex. 1995). 
Agreements in writing and filed with the court allow the writings to Aspeak
for themselves@ so that Athe
court can judge of their import, and proceed to act upon them with safety.@  Id. 
A trial court has a ministerial duty to enforce a valid Rule 11
agreement.  Scott‑Richter v.
Taffarello, 186 S.W.3d 182, 189 (Tex. App.CFort
Worth 2006, pet. denied); ExxonMobil Corp. v. Valence Operating Co., 174
S.W.3d 303, 309 (Tex. App.CHouston
[1st Dist.] 2005, pet. denied).








Thus, the trial court here had a ministerial duty
to enforce the parties= Rule 11 agreement if it was
valid.  Evelyn did not appear at the
hearing on McCrary=s motion for judgment and never
challenged the validity and enforceability of the September 12, 2007 Rule 11
agreement (e.g., by attacking it on the grounds of fraud or mistake or by
arguing that some exception to its enforcement applied), and she does not raise
such a challenge on appeal.  See Scott‑Richter, 186
S.W.3d at 190.  Instead, she urges us to Areaffirm@ the
Rule 11 agreement.








Because Evelyn urges us to Areaffirm@ the
Rule 11 agreement, it appears that she does not understand the legal effect of
it.  The Rule 11 agreement is Areaffirmed@ by the
trial court=s judgment.  Although the Rule 11 agreement does not
explicitly state that the Rosemere property should be awarded to McCrary as
independent administratrix, that is the effect of Evelyn=s and
the other defendants= agreeing to relinquish all
their claims to the property.  Without
their claims clouding the title, the Rosemere property remained solely titled
in Herring because he did not transfer his interest in the property by deed
prior to his death.  Consequently, the
property remained in Herring=s
estate, of which McCrary was charged as independent administratrix with the
duty of disposing of all property within Herring=s
estate.  See generally Tex. Prob.
Code Ann. ' 405 (Vernon 2003) (listing
items that must be included in account for final settlement of estate, including
disposition of property belonging to estate which has come into the
administrator=s hands).

The Rule 11 agreement signed by the parties is
clear and unambiguous, stating that the parties Agive up
all claims to the house at 509 Rosemere, Fort Worth, Texas 76111.@  Accordingly, because Evelyn agreed to give up
all claims to the Rosemere property pursuant to a valid Rule 11 agreement, the probate
court did not err or abuse its discretion by performing its ministerial duty
and granting McCrary=s motion to enforce the
settlement agreement.  See Tex. R.
Civ. P. 11; Scott‑Richter, 186 S.W.3d at 191 (upholding trial
court=s grant
of appellees= amended motion to enforce
settlement agreement, despite appellants=
arguments that settlement agreement had effect of imposing additional material
terms to agreement that parties had yet to negotiate and agree upon, because
appellants never challenged validity and enforceability of Rule 11 agreement); see
also Childers v. King Ranch, Inc., No. 13‑03‑00006‑CV,
2005 WL 774512, at *5 (Tex. App.CCorpus
Christi Apr. 7, 2005, no pet.) (mem. op.) (holding trial court did not abuse
its discretion by granting relief in strict accordance with parties= Rule 11
agreements).  We therefore overrule
Evelyn=s four
issues.








                                          IV.  CONCLUSION

Having overruled Evelyn=s four
issues, we affirm the probate court=s
judgment.

 

PER CURIAM

PANEL: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: February 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]McCrary also filed suit
against John Petzold; however, he did not claim an interest in the property and
was dismissed from this suit.





[3]The probate court did not
enter a separate order on the defendants= motion for summary judgment or reference their
motion for summary judgment in its order. 
Because the probate court=s judgment awards the Rosemere property to
McCrary in her capacity as administratrix, it thereby impliedly denied the relief
prayed for in the defendants= motion for summary judgment, no separate
judgment denying the motion for summary judgment was necessary.  See generally Parker v. Barefield, 206
S.W.3d 119, 121 (Tex. 2006) (holding that request for leave to amend pleadings
was effectively denied when trial court granted special exceptions and
dismissed case).