ACCEPTED
03-15-00349-CV
6850247
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/9/2015 3:10:32 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00349-CV**

**In the
Third Court of Appeals
Of Texas**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/9/2015 3:10:32 PM

JEFFREY D. KYLE
Clerk

SHAMROCK PSYCHIATRIC, P.A.

*Appellant*,

V.

TEXAS DEPARTMENT OF HEALTH AND HUMAN SERVICES,
KYLE JANEK, MD, EXECUTIVE COMM'R
AND DOUGLAS WILSON, INSPECTOR GENERAL

*Appellees,*

On appeal from the 126th District Court, Travis County, Texas
Cause NO. D-1-GV-14-001833

**APPELLANT'S BRIEF**

Jason Ray
Texas Bar No. 24000511
RIGGS & RAY, P.C.
506 West 14th Street, Suite A
Austin, Texas  78701
512 457-9806
512 457-9066 – Facsimile
jray@r-alaw.com

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel.

Appellant:                        Shamrock Psychiatric, P.A.


Lead Counsel:                     Jason Ray
                                  State Bar No. 24000511
                                  RIGGS & RAY, P.C.
                                  506 West 14th Street, Suite A
                                  Austin, Texas  78701
                                  Telephone:  512 457-9806
                                  Facsimile:    512 457-9066
                                  jray@r-alaw.com


Appellees:                        Texas Department Of Health And Human
                                  Services ("HHSC"), Kyle Janek, Md,
                                  Executive Comm'r and Douglas Wilson,
                                  Inspector General

Lead Counsel Appellees  :         Eugene A. Clayborn
                                  Assistant Attorney General
                                  Deputy Chief, Administrative Law Division
                                  Office of the Attorney General of Texas
                                  P.O. Box 12548, Capitol Station
                                  Austin, Texas  78711-2548
                                  Eugene.clayborn@texasattorneygeneral.gov

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .........................................................i

TABLE OF CONTENTS................................................................ ii

INDEX OF AUTHORITIES................................................................ iii

STATEMENT OF THE CASE.............................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...............................................vi

ISSUE PRESENTED .........................................................................vi

STATEMENT OF FACTS .....................................................................1

    I. The OIG asks Shamrock to consolidate two administrative cases; Shamrock agrees multiple times; the court makes the parties' agreement part of the record. ...........................................1

    II. The OIG breaks its promise. .................................................4

SUMMARY OF THE ARGUMENT ...........................................................8

ARGUMENT ...................................................................................9

    Issue:  Does mandamus lie to require the OIG to provide Shamrock with an administrative hearing on the issue of Shamrock's alleged overpayment? ......................................................9

    I.    Mandamus is appropriate because Shamrock complied with the statutory requirement when it requested a hearing three times within 15 days of being notified that the OIG would seek to recover an alleged overpayment. ...................................9

    II.    Mandamus is appropriate since Shamrock preemptively requested a hearing prior to the OIG's "Final Notice," so TRCP 306c and/or TRAP 27.2 apply. .............................................11

    III.    Mandamus is appropriate because the OIG's statements and pleadings constitute a binding TRCP Rule 11/ SOAH Rule 155.415 agreement that require the OIG to set the overpayment case for a hearing.................................................15

IV.    Mandamus is appropriate because the OIG's "withdrawal" of its payment hold claim cannot be used to deprive Shamrock of its right to an overpayment hearing.

CONCLUSION ................................................................................23
PRAYER        ................................................................................23
CERTIFICATE OF COMPLIANCE ..................................................24
CERTIFICATE OF SERVICE  ........................................................25

# INDEX OF AUTHORITIES

## CASES

*Brighton v. Koss*,
    415 S.W.3d 864 (Tex. 2013), reh'g denied (Oct. 18, 2013) .........................12

*El Paso Elec. Co. v. Pub. Util. Com'n of Texas*,
    715 S.W.2d 734 (Tex. App.—Austin 1986, writ ref'd n.r.e.).................13, 14

*ExxonMobil Corp. v. Valence Operating Co.*,
    174 S.W.3d 303 (Tex. App.—Houston [1st Dist.] 2005, pet. denied ...........20

*Fed. Lanes, Inc. v. City of Houston,*
    905 S.W.2d 686 (Tex. App.—Houston [1st Dist.] 1995, no writ .................20

*Janek v. Harlingen Family Dentistry, P.C.,*
    451 S.W.3d 97, 99 (Tex. App.—Austin 2014, no pet.)................................22

*Scott-Richter v. Taffarello,*
    186 S.W.3d 182 (Tex. App.—Fort Worth 2006, pet. denied).......................20

*Texas Mut. Ins. v. Ledbetter,* 251 S.W.3d 31 (Tex. 2008)........................................21

*Trudy's Tex. Star, Inc. v. City of Austin,*
    307 S.W.3d 894 (Tex. App.-Austin 2010, no pet.) .......................................18

## TEXAS ADMINISTRATIVE CODE

1 TAC 155.155.........................................................................................................14, 16

1 TAC 155.415...............................................................................................................17

1 TAC 155.503(c)(1)....................................................................................................6, 22

## STATUTES

TEX GOV'T CODE 531.1201(a).......................................................................................11

## STATEMENT OF THE CASE

Shamrock Psychiatric, P.A. ("Shamrock") sued the Texas Health and Human Services Commission ("HHSC"), Kyle Janek, Executive Commissioner and Douglas Wilson, Inspector General (collectively "OIG") seeking a Writ of Mandamus to compel the OIG to comply with a Rule 11 agreement that promised Shamrock a contested case administrative hearing. (CR 3).

Shamrock maintains that the parties' written communications constitute a proper request for a hearing under TRCP 306a and 306c; in the alternative Shamrock maintains the OIG's affirmations made in the administrative record at prehearing conferences establish a binding Rule 11 agreement to set and hear Shamrock's Medicaid overpayment hearing. (CR 33). The OIG maintains that despite its statements to Shamrock and to the administrative law judge agreeing to set and hear the case, Shamrock's failure to subsequently memorialize its request for the hearing constituted a default which deprived it and the State Office of Administrative Hearings of jurisdiction to hear the contested case. (CR 70).

The trial court denied Shamrock's petition seeking mandamus and dismissed the suit for lack of jurisdiction. (CR 205)

Shamrock appeals that judgment and seeks an order requiring the OIG to set Shamrock's overpayment hearing.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Shamrock requests oral argument.

## ISSUE PRESENTED

Issue:      Does mandamus lie to require the OIG to provide Shamrock with an administrative hearing on the issue of Shamrock's alleged overpayment?

# STATEMENT OF FACTS[1]

**I. The OIG asks Shamrock to consolidate two administrative cases; Shamrock agrees multiple times; the court makes the parties' agreement part of the record.**

Appellant Shamrock is a Medicaid provider of psychiatric services. In January 2013, the HHSC instituted a "payment hold" against Shamrock. (App. Ex. 2; CR 93, App. Ex. 7). A payment hold is a pre-hearing confiscation of all future Medicaid payments due to a provider, despite the provider's ongoing participation in the Medicaid program. The payment hold against Shamrock was issued pursuant to what the Office of the Inspector General (a division of the HHSC, hereinafter "OIG") called a "credible allegation of fraud" regarding Shamrock's past Medicaid billings. The HHSC placed a 100% payment hold on Shamrock's reimbursement. (CR 93). On February 4, 2013, Shamrock requested an expedited administrative hearing concerning the payment hold, and the OIG docketed the case at the State Office of Administrative Hearings (SOAH). (App. Ex. 2). The only issue to be determined at the payment hold hearing was whether the OIG could demonstrate a credible allegation of fraud to maintain a payment hold against Shamrock. (CR 110).

---

[1] SOAH Order No. 11, at App. Ex 2., sets out the undisputed factual and procedural history of this case. Shamrock believes the SOAH Order contains all of the facts necessary to dispose of this appeal, including a recitation of the parties' written agreements. SOAH Order No. 11 is the law of this case.

In September 2013, while the payment hold case was pending at the SOAH, the OIG completed its investigation of Shamrock and gave Shamrock preliminary notice that the OIG intended to seek recovery of Medicaid payments that had allegedly been overpaid to Shamrock as a result of Shamrock's alleged fraudulent billing. (App. Ex. 2; CR 102). The OIG's overpayment allegation created a right to a separate contested case hearing at the SOAH for Shamrock; the issue at an overpayment hearing is whether Shamrock was actually overpaid for work (whether through fraud or for some more benign reason or confusion regarding program requirement, such as an accidental billing mistake), and if so, what amount Shamrock should repay the State. (App. Ex. 6; CR 128).

Since Shamrock's overpayment hearing would be, as a practical matter, a broader review of Shamrock's actions regarding the exact same Medicaid patients and billing questions that were already at issue in the payment hold hearing, the OIG's counsel, on September 17, 2013, proposed to Shamrock that the two hearings—the payment hold hearing and the final overpayment hearing—be combined. (App. Ex. 3). It is noteworthy that the OIG approached Shamrock about combining the hearings; the OIG's request was a considerable benefit to the OIG because Shamrock's payment hold hearing was already set to be tried on November 5-7, 2013. (CR 113). Agreeing to combine the two hearings would mean that the November 2013 payment hold setting would have to be continued

into mid-2014, and Shamrock would remain under a 100% payment hold until that time.

In the spirit of cooperation and to promote judicial economy, Shamrock's counsel agreed to the OIG's request on October 4, 2013. (App. Ex. 2; App. Ex. 3). In response to a second OIG email on October 7, 2013 that reiterated the OIG's intent to set the overpayment hearing for a merits hearing "in about 90 days", Shamrock agreed for a second time to combine the two hearings and stated "we may need more than 90 days for the [overpayment] hearing." (App. Ex. 2; App. Ex. 3).

On October 9, 2013, the OIG filed a status report with the SOAH; that pleading put the SOAH judge on notice of the parties agreement:

> Counsels for [OIG and Shamrock] *have agreed to consolidate both the payment hold and the overpayment into one proceeding* in the interest of judicial economy. Starting September 1, 2013, Petitioners have the option to have their overpayment hearing adjudicated in either Health and Human Services Commission Appeals or the State Office of Administrative Hearings. Shamrock *has opted to proceed to the overpayment hearing there at SOAH.* At this point, without the court's objection, HHSC-OIG would like to simply file an amended pleading reflecting the consolidated issues. . .

(App. Ex. 4). On October 21, 2013, the SOAH Judge accepted the agreement, setting a pre-hearing conference on the consolidated matters and noting:

> [T]he parties have agreed to consolidate the payment hold and overpayment issues into one proceeding.

(App. Ex. 5, SOAH Order No. 5; App. Ex. 2, SOAH Order No. 11). On October 28, 2013, both parties again represented to the SOAH judge on the record that they had agreed to consolidate the overpayment and payment hold cases. (App. Ex. 2). This was the third time Shamrock had evidenced its request to have a hearing on both matters, and the fourth time the OIG had admitted that Shamrock had requested a hearing on both matters. (App. Ex. 2). On October 29, 2013, the SOAH judge acknowledged the agreement, continued the payment hold hearing and reset the matter so that the OIG could consolidate its payment hold pleadings and its overpayment pleadings. (App. Ex. 2).

## II. The OIG breaks its promise.

On November 25, 2013, the OIG sent Shamrock a Final Notice of Overpayment, which was the OIG's final statement regarding what it would seek in the overpayment hearing. (App. Ex. 6). Because: 1) Shamrock had preemptively requested the overpayment hearing, and 2) the parties had agreed to consolidate the cases at the SOAH, and 3) the OIG had repeatedly indicated in its pleadings and on the record that the overpayment hearing was going to be heard along with the payment hold hearing, Shamrock did not respond to the OIG's Final Notice with a fourth request for the overpayment hearing. (App. Ex. 2, SOAH Judge finding that "Shamrock relied on OIG's representations to its detriment…").

Despite its agreement to do so, the OIG did not amend its SOAH pleadings to include the overpayment allegations.[2] It remained silent until January 3, 2014; the OIG then filed a Motion to Dismiss the Payment Hold case, claiming any dispute regarding Shamrock's alleged overpayment was moot because Shamrock had not requested an overpayment hearing within 15 days *after* the OIG's Final Notice. (App. Ex. 8). The OIG's Motion to Dismiss further claimed that Shamrock's alleged $1,611,709 debt[3] to the State was a "final debt," meaning the debt was indisputable and not subject to challenge in any court or proceeding. (App. Ex. 8).

Caught off-guard by the OIG's reversal, Shamrock quickly responded to the OIG's Motion to Dismiss. (App. Ex. 8). At first, the SOAH judge denied the OIG's Motion to Dismiss, citing the parties' previous agreements and explaining "for Petitioner [Shamrock] to have requested a hearing when one was already set would have accomplished nothing because the parties had already agreed to consolidate the two cases for hearing"; the SOAH judge consolidated the payment hold and overpayment cases and set them for a March hearing. (App. Ex. 9, SOAH Order 8). The OIG responded by lifting/dismissing the payment hold case and sweeping

---

[2] It may be of interest to this Court that the OIG's about-face coincided with a change in its lead counsel. Mr. Enrique Varela represented the OIG and made all agreementsand OIG statements through October 9, 2013. Mr. Steven Johnson represented the OIG from mid-October 2013 through November. Mr. Kevin Heyburn was lead counsel in January 2014 when the OIG claimed Shamrock had failed to request a hearing on the OIG's overpayment allegations.

[3] That debt was calculated to be $1,611,709 in the Final Notice.

Shamrock's held funds toward the satisfaction of the $1.6 million debt, which it claimed was final and unappealable. (App. Ex. 2). Ultimately, the SOAH judge reconsidered her earlier denial, and found she did not have the power to make the OIG abide by its earlier promises:

> [E]ven though Shamrock relied on OIG's representations to its detriment, the ALJ cannot proceed to a hearing. OIG has withdrawn the payment hold issue, and it has neither separately referred an overpayment claim to SOAH regarding Shamrock nor amended its pleadings to assert an overpayment claim. The ALJ does not have authority to require OIG to amend its pleadings to assert an overpayment claim in this case. As a result, there is no pending case for which the ALJ could receive evidence and issue a Proposal for Decision. Therefore, the ALJ dismisses this case from SOAH's docket pursuant to 1 TAC 155.503(c)(1).

(App. Ex. 2).

Although the OIG "withdrew" its claims for the temporary payment hold, it did not release the funds to Shamrock. Instead, the OIG kept the funds and applied them toward Shamrock's alleged debt, which the OIG and the State now consider final. Shamrock filed a motion to reconsider the dismissal at the SOAH. (CR 165) The OIG opposed the motion; the SOAH judge denied the motion to reconsider. (CR 196, RR Def. Ex. 20).

On June 12, 2014, Shamrock filed an Original Petition in the 126th District Court of Travis County with a subsequent Brief in Support of Writ of Mandamus and Enforcement of Rule 11 Agreement. That Court issued an Order Granting Defendants' Motion to Dismiss for Lack of Jurisdiction on May 6, 2015. (CR 205).

Neither the OIG, nor the HHSC, nor any other State agency has issued a final order finding that Shamrock has a $1.6 million debt to the State; however, the OIG has placed a warrant hold on Shamrock through the State Comptroller.

## SUMMARY OF THE ARGUMENT

The OIG is committing fraud on Shamrock and its own trier of fact, the SOAH. The OIG approached Shamrock and asked Shamrock to combine its two pending contested cases. When Shamrock agreed to the OIG's request, the OIG memorialized the agreement in emails with Shamrock, in its own pleadings, and in its statements in open court. The OIG then laid behind the log, ignoring the parties' agreement and its on-the-record avowals. Having assured both Shamrock and the SOAH multiple times that it would consolidate the administrative cases, it then pulled the rug out from under both, asserting an absurd argument that Shamrock had failed to properly request the very hearing that the OIG itself had solicited.

This Court should not reward this sort of legal chicanery. Whether this Court looks to 1) the OIG's unilateral request to combine the cases, or 2) to Shamrock's multiple agreements to have its overpayment hearing pooled with its pending payment hold hearing, or 3) to case law, the Rules of Civil Procedure and the Rules of Appellate Procedure that permit Shamrock to prematurely file its appeal, or 4) to TRCP Rule 11 and the SOAH Rule 155.415, which both require that a party be held to their agreements, the result in this case is clear: Shamrock is entitled to its overpayment hearing. The OIG asked Shamrock to agree (it did), then it asked the SOAH to approve the consolidation (the SOAH agreed and continued the pending hearing). Those actions prevent the OIG from now claiming that Shamrock failed

in any way to request a hearing. From the moment the OIG first approached Shamrock and the parties agreed to merge the cases, there was never any doubt as to Shamrock's intent and written requests to challenge the OIG's claims that Shamrock had been overpaid. No degree of deception or dishonesty by the OIG should be allowed to rob Shamrock of its right to a hearing.

## ARGUMENT

**Issue:** **Does mandamus lie to require the OIG to provide Shamrock with an administrative hearing on the issue of Shamrock's alleged overpayment?**

**I.** **Mandamus is appropriate because Shamrock complied with the statutory requirement when it requested a hearing three times within 15 days of being notified that the OIG would seek to recover an alleged overpayment.**

Shamrock timely requested an appeal of the OIG's indication it would seek to permanently withhold the funds subject to the temporary payment hold. Section 531.1201(a) of the Government Code requires that a provider "request an appeal under this section not later than the 15th day after the provider *is notified* that the commission or the commission's office of inspector general will seek to recover an overpayment or debt from the provider." TEX GOV'T CODE§ 531.1201(a)(emphasis added). Shamrock complied with this requirement. Shamrock requested an appeal on 10/4/13, 10/7/13, and 10/9/13, all of which were within 15 days of the OIG's 10/2/13 e-mailed notice of an intent to seek recovery of an overpayment. (App. Ex.

2 (SOAH Order 11); App. Ex. 3 (emails)). As early as September 17, 2013, the OIG attorney on the case knew that Shamrock wanted an overpayment hearing, because the OIG began its set-up with an e-mailed offer to consolidate the cases, never questioning Shamrock's intent or written requests to appeal the OIG's overpayment action. The relevant chronology is as follows:

> 10/2/13- By e-mail, the OIG gives notice of its intent to pursue an overpayment hearing. This e-mail was "notifi[cation] that the commission or the commission's office of inspector general will seek to recover an overpayment or debt from the provider."

> 10/4/13- 1st Notice of Intent to Appeal (2 days after 10/2/13 notice). Shamrock responds by e-mail, expressly requesting that the OIG set the overpayment case at SOAH, consolidate the payment hold and overpayment, and closing with a specific request to the OIG to "Let me know when you receive this email and if I need to do anything."

> 10/7/13- 2nd Notice (5 days after 10/2/13 notice). Shamrock responds to the OIG's statement that the OIG "could be ready for a hearing on the overpayment issue in about 90 days" by clarifying "we may need more than 90 days for the hearing," and again offering "Let me know if there is anything I can do to assist you in docketing/consolidating the cases."

> 10/9/13- 3rd Notice (7 days after the 10/2/13 notice). The OIG files a status report correctly stating that "Shamrock has opted to proceed to the overpayment hearing there at SOAH."

(App. Ex. 2 (SOAH Order 11); App. Ex. 3 (emails)).

When the OIG gave notice of its intent to seek recovery of an alleged overpayment, Shamrock timely responded. Therefore, the OIG's refusal to provide Shamrock with an administrative hearing is a violation of its ministerial duty. This

court should reverse the district court and order the OIG to set Shamrock's overpayment case for a hearing.

**II.     Mandamus is appropriate since Shamrock preemptively requested a hearing prior to the OIG's "Final Notice," so TRCP 306c and/or TRAP 27.2 apply.**

The OIG claims that the only Notice of Overpayment that matters in this case is the OIG's "Final Notice of Overpayment " letter sent November 25, 2013. (App. Ex. 6). That is not what Texas Government Code section 531.1201 states. The OIG claims that Shamrock's earlier requests for a hearing on the overpayment allegations were ineffective, and that Shamrock was required to respond *after* the November 25, 2013 letter with yet another request for the already-agreed-to overpayment hearing. Shamrock disagrees with the notion that the OIG can create a moving target by simply sending one notice after another, each acting like a reset button, and each requiring that Shamrock repeat its appeal request or suffer a complete default. But assuming the November 25, 2013 "Final Notice of Overpayment" letter was the only OIG notice that triggers the Texas Gov't Code § 531.1201 right to a hearing in this case, Shamrock's October appeal requests do not release the OIG from its ministerial duty to docket the case at the SOAH.

The Final Notice of Overpayment contains language that makes the OIG's overpayment determination appear to be self-effectuating unless a hearing is requested:

> THIS SANCTION WILL BECOME FINAL AND UNAPPEALABLE UPON THE EXPIRATION OF 15 CALENDAR DAYS AFTER RECEIPT OF THE NOTICE OF FINAL SANCTION IF NO TIMELY REQUEST FOR APPEAL HAS BEEN RECEIVED BY HHSC-OIG.
>
> The effect of this determination becoming final creates a final debt in favor of the State of Texas. As such, you will have 30 days after this notice becomes final to pay the amount of the overpayment, negotiate a payment plan, or file a petition for judicial review. 1 Tex. Admin. Code §371.1617(b) (2012).

(App. Ex. 6). While the Final Notice is not a "final order," the language in it appears to have the same effect as a final order; that is, the OIG's overpayment allegation will become final unless challenged through an appeal. Thus, the case law and procedural rules for such final orders are instructive.

Under Texas Rule of Civil Procedure 306a, a premature notice of appeal is deemed to be filed on the day of, but subsequent to, a challenged judgment. *Brighton v. Koss*, 415 S.W.3d 864, 866 (Tex. 2013), reh'g denied (Oct. 18, 2013) ("When a party prematurely files a notice of appeal, our procedural rules treat the premature notice as filed subsequent to the order or judgment to which it applies. Tex.R.App. P. 27.2; *see also* Tex.R. Civ. P. 306c (treating prematurely filed motions for new trial as filed subsequent to the signing of the judgment)"). This Court has applied Rule 306c to administrative cases, such as when a regulated entity provided intent to appeal a final order before the final order was actually

entered. *El Paso Elec. Co. v. Pub. Util. Com'n of Texas*, 715 S.W.2d 734, 738 (Tex. App.—Austin 1986, writ ref'd n.r.e.).

The facts of *El Paso* are analogous to the facts in this case. In *El Paso*, the Public Utility Commission issued a final order, and El Paso Electric filed a motion for rehearing, which is a mandatory prerequisite to appealing the case from the agency to District Court. *Id.* at 735. The Commission granted in part El Paso Electric's First Motion for Rehearing and modified the final order. El Paso Electric filed a second motion for rehearing on that amended final order; the Commission again granted in part the second motion for rehearing and again amended the final order. *Id.* El Paso Electric did not file a third motion for rehearing after the issuance of the Commission's last amended final order. *Id.* When El Paso Electric filed its appeal in Travis County District Court,

> the Commission successfully argued that by failing to file a *third* motion for rehearing, El Paso Electric failed to satisfy the APTRA jurisdictional requirements for judicial review. The pertinent provision in APTRA requires a party to file a motion for rehearing within 15 days after the date of rendition of a final decision or order "in writing or *stated in the record.*" APTRA, § 16(a), (e) (emphasis added). According to the Commission, this provision is mandatory and jurisdictional. Under this argument, El Paso Electric's second motion for rehearing filed on December 4 was not timely since it was filed *before* the December 7 order, and the district court therefore properly concluded that it was without jurisdiction to review the Commission's order.

*Id.* (emphasis in original). The Commission's position in *El Paso* is exactly what the OIG argued to the SOAH in this case. This court rejected such stale justification, holding,

> it is appropriate and reasonable to turn to the rules and case law of civil practice to consider the effect of a prematurely filed motion for rehearing. Rule 306c of the Tex.R.Civ.P.Ann. (1985) provides that "[n]o motion for new trial ... shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the date of signing of the judgment the motion assails...." The effect of the rule is plain: When a motion for new trial is filed before the judgment is signed, the motion is regarded as filed on the date the judgment was signed. *Magnolia Petroleum Co. v. Klingeman,* 242 S.W.2d 950 (Tex.Civ.App.1951, writ ref'd).

*Id.* at 738. The analogy with Rule 306a and the early filing of an appeal is even more compelling here since this case involves the beginning of the administrative process as opposed to the courts' review of agency action after an agency hearing. Stated differently, the fact that Shamrock had repeatedly requested (and the OIG had repeatedly acknowledged and accepted its receipt of Shamrock's request for) an overpayment hearing satisfies the statutory language and falls squarely within the scenarios contemplated by Tex.R. Civ. P. 306c and Tex.R.App. P. 27.2.

Like *El Paso,* at issue are the agency's duty to give notice of its claims in the first place and the provider's right to seek a hearing/appeal on that notice. Shamrock's early appeal does not harm the agency in any way. Like *El Paso*, the OIG did not change what it sought from Shamrock between the October 2, 2013

emailed notice and the November 25, 2013 "Final Notice." Nor, for that matter, did the OIG "Final Notice" change the basic nature of its claims from what it sought in the temporary payment hold filed in February 2013. Shamrock's three appeal/hearing requests made in October 2013 appeal effectively put the OIG on notice of Shamrock's request for a hearing, and under TRCP 306c and TRAP 27.2, were effective. As a result, this court should reverse the district court and order the OIG to set Shamrock's overpayment case for a hearing.

**III.    Mandamus is appropriate because the OIG's statements and pleadings constitute a binding TRCP Rule 11/ SOAH Rule 155.415 agreement that require the OIG to set the overpayment case for a hearing.**

In reversing herself and dismissing the case, the SOAH ALJ concluded that "[t]he ALJ does not have authority to require OIG to amend its pleadings to assert an overpayment claim in this case." (App. Ex. 2). Shamrock respectfully disagrees. Although the SOAH ALJs do not have the authority to tell the OIG to *initiate* cases or claims, the SOAH ALJs certainly have the authority to rule on matters already before them. Here, both the payment hold and the final overpayment issue were before the SOAH (1) because the OIG status report was arguably sufficient to raise the "final notice" claims and constitute a pleading and (2) because the parties' agreement was enforceable as a Rule 11 agreement.

The SOAH was already exercising its jurisdiction over the temporary payment hold case. The only purpose of the "final notice" was to attempt to make permanent the OIG's ability to withhold the money at issue. The payments that the OIG sought to recover are the same. The OIG basis for alleging the money paid was an "overpayment" remained the same. The only distinction was that the pre-hearing payment hold required proof to a credible allegation of fraud. The claims otherwise remained the same. That is why the OIG indicated it would simply amend its pleadings to shift from a pre-hearing "payment hold" to a full hearing on the merits regarding what, if anything, Shamrock was required to repay the State.

The OIG's status report put the matters at issue. The report reads like a pleading: the OIG "*is seeking* recoupment of payments." (App. Ex. 4). Although the OIG indicated it would amend, the OIG status report did not say it "*would seek*" recoupment. Pleadings in the SOAH cases need not take any particular form. The SOAH Rule 155.5(19) defines a pleading as "[a] filed document that requests procedural or substantive relief, makes claims, alleges facts, makes legal argument, or otherwise addresses matters involved in the case." The only purpose of the OIG's pleading amendment was to attempt to make permanent the OIG's ability to withhold the money that was already being withheld under the payment hold; the SOAH already had jurisdiction over that payment hold matter. Thus, the documents on file were sufficient to place the matter before the SOAH ALJ.

For that reason, the SOAH ALJ *already had jurisdiction over both matters*. As noted in Order No. 5:

> [T]he parties have agreed to consolidate the payment hold and overpayment issues into one proceeding.

(App. Ex. 2, SOAH Order No. 11, quoting SOAH Order No. 5). Because the only issue was the consolidation of the overpayment hearing, the SOAH ALJ had the power to enter Order No. 5 and to proceed with both cases. *See* 1 TAC 155.155 (allowing the SOAH judge to consolidate cases with common questions of fact).

The SOAH Rule 155.415 is the SOAH rule that is analogous or parallel to Texas Rules of Civil Procedure Rule 11. Rule 155.415 provides:

> No agreement will be enforced unless it is in writing, signed, and filed with SOAH or entered on the record at the hearing or prehearing conference.

1 TAC 155.415; *see also* Tex. R. Civ. P. 11 ("Rule 11"). Under Rule 155.415, The SOAH ALJs have the power and authority to "enforce" the parties' agreements. The October emails between the OIG and Shamrock constitute a binding agreement because they were entered on the record at a prehearing conference (App. Ex. 2). Likewise, the OIG's agreement in its pleadings (App. Ex. 4) and as entered in the record by the SOAH judge (App. Ex. 2) constitute a binding agreement.

As a result, contrary to the SOAH ALJ's concern that she lacked the power to order the OIG to amend its pleadings, she most certainly did have the authority

to do so since the OIG had entered its agreement to do so on the record. In addition to the e-mail exchanges and judicial admissions in motions, the OIG had filed its status report, which was in writing, which the OIG counsel had signed, and which incorporated the OIG's agreement to amend the existing contested case in response to Shamrock's request for a hearing on the overpayment. The parties had also announced the agreement in open hearings. The parties' agreement was also made part of the record through the SOAH Order No. 5 and through the representations made at the prehearing conference set in Order No. 5. (App. Ex. 5)

Because Rule 155.415 has the same effect as TRCP Rule 11, cases applying Rule 11 are instructive. Litigants' Rule 11 agreements are contracts relating to litigation. *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 914 (Tex. App.-Austin 2010, no pet.) The terms of this Rule 11/Rule 155.415 agreement are readily apparent from the OIG's e-mails, status report, judicial admissions in motions, and statements to the ALJ in open court. The backbone of the agreement was that Shamrock would receive a SOAH overpayment hearing.

The parties agreed to consolidate the cases, without qualification or prerequisite. The terms are straightforward, as stated by the OIG counsel's 10/7/13 e-mail. (App. Ex. 3). That correspondence from the OIG confirmed Shamrock's understanding of the agreement, and clarified it by explaining, "I [the OIG] will…docket a separate case then consolidate or just file the overpayment case in

the same case number as the payment hold (my preference)." (App. Ex. 2; Order No. 11, describing the e-mails). With the OIG's utter and unreserved agreement repeated so often in and on the administrative record, it seems ridiculously unnecessary to point out that the OIG never stated—to anyone, but especially to the SOAH judge—that Shamrock needed to take action to preserve its right to the combination "payment hold-overpayment hearing" that the OIG has begun soliciting since October 2013. The OIG's 10/9/13 subsequent status report is even more clear-cut:

> "Counsels for [OIG and Shamrock] have agreed to consolidate both the payment hold and the overpayment into one proceeding in the interest of judicial economy…HHSC-OIG would like to simply file an amended pleading reflecting the consolidated issues. However, the parties have not had time to do specific discovery regarding overpayment issues. The parties would like input from the court on how to proceed."

(App. Ex. 4). What does it mean when the OIG states, "The parties would like input from the court on how to proceed."? Shamrock asks this court: How to proceed with what? Was the OIG asking SOAH how to proceed with the payment hold case? Obviously not; that case was already set for hearing in the next 30 days. So the only reasonable answer is that the OIG was asking for direction regarding how to proceed in the overpayment case.

The fact that the OIG was asking the SOAH judge how to amend its own pleadings, and how to proceed with discovery in the overpayment case, necessarily

indicates that the OIG was not waiting for any separate or affirmative action by Shamrock. The OIG, at least the legal counsel at that time, projected to both SOAH and Shamrock that the impetus was on the OIG, not Shamrock, to move forward with the case by amending the pleadings and beginning discovery. Simply put, the OIG knew Shamrock wanted an overpayment hearing, the OIG agreed to provide that hearing, and the OIG was already considering how to proceed with discovery in that hearing when it asked the court for direction on how to proceed.

Given the OIG's on-the-record statements and actions, the only conclusion that reasonable minds could have reached was that the OIG was set to move forward with amending its pleadings and combining its claims. That is the very essence of a Rule 11 agreement.

A trial court has a ministerial duty to enforce a valid Rule 11 agreement. *Scott-Richter v. Taffarello,* 186 S.W.3d 182, 189 (Tex. App.—Fort Worth 2006, pet. denied) citing *ExxonMobil Corp. v. Valence Operating Co.,* 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *Fed. Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 690 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding that when Rule 11 prerequisites were met, trial court had ministerial duty to grant relief in strict accordance with parties' agreement). Because there was a valid and unambiguous "Rule 11" agreement, the ALJ was duty-bound to enforce its provisions, as was the OIG. The OIG has the same the ministerial duty because

administrative hearings are, technically, always in front of the agency; the SOAH simply acts as the neutral fact-finder. So the ministerial duty ultimately falls to the agency, since the SOAH judges operate only at the request of the agency that invokes them. The ALJ was incorrect in her conclusion that she did not have the authority to require the OIG to amend its pleading to assert an overpayment claim in this case or to simply proceed on matters already before her. In fact, the ALJ is required to do so, pursuant to the parties' agreement. Likewise, the OIG has a ministerial duty to abide by the promises made to Shamrock and the SOAH judge. As a result, this court should reverse the district court dismissing the case for want of jurisdiction and instruct the district court to order the OIG to set Shamrock's overpayment case for a hearing at the SOAH.

**IV. Mandamus is appropriate because the OIG's "withdrawal" of its payment hold claim cannot be used to deprive Shamrock of its right to an overpayment hearing.**

It does not matter that the OIG dismissed its temporary payment hold proceeding. It had no absolute right to do so if doing so would prejudice Shamrock's interests. Like a non-suit under Texas Rules of Civil Procedure Rule 162, a party can non-suit its claims, but such nonsuit will not affect pending claims for affirmative relief. *Texas Mut. Ins. v. Ledbetter,* 251 S.W.3d 31, 37 (Tex. 2008). Here, Shamrock had appealed the OIG payment hold and sought return of its

money. Without an order requiring the return of the Shamrock money withheld pursuant to the payment hold, the OIG could not simply dismiss its payment hold claims. The OIG simply kept money withheld under the temporary payment hold, and used it in partial satisfaction of the alleged overpayment. That kind of bait and switch is beyond its authority.

"A judge may dismiss a matter from the SOAH's docket with or without prejudice if a moving party withdraws *its entire claim.*" *See* 1 TAC 155.503(c)(1). When Shamrock asked for a payment hold hearing, it requested relief from the HHSC's payment hold. The only relief that could have been granted to Shamrock was that the payment hold could have been lifted; that relief carries with it the requirement that the money that had been withheld by the OIG would be returned to Shamrock. *See Janek v. Harlingen Family Dentistry, P.C.,* 451 S.W.3d 97, 99 (Tex. App.—Austin 2014, no pet.). But when the OIG withdrew its payment hold claim against Shamrock, it did not return Shamrock's money that had been withheld under the payment hold. Most importantly, the purpose of a temporary payment hold is to secure the OIG's financial position pending the overpayment hearing, for which the OIG shoulders its burden of showing that the money in fact constituted an "overpayment." The two proceedings are inextricably linked. By withdrawing its payment hold claim but keeping the money, the OIG prevented Shamrock from getting any relief. As a result, this court should reverse the district

court order dismissing the case for want of juisidiction and instruct the OIG to either set Shamrock's payment hold case for a hearing or return the previously withheld funds to Shamrock.

## CONCLUSION

The OIG cannot be allowed to induce a party to act through its repeated promises—in communications with Shamrock, in its pleadings at the SOAH, and in its on-the-record statements before the SOAH judge—that the parties have agreed to have an overpayment hearing, and then assert that there was no agreement. It is equally duplicitous for the OIG to proclaim to the SOAH in October 2013 that there is no impediment to combining related administrative cases, but then claim in January 2014 that Shamrock defaulted on a deadline that prevents either case from going forward.

## PRAYER

For these reasons, Shamrock prays that this Court reverse the trial court order dissimissing the case for want of jurisdiction and instruct the trial court to issue a Writ of Mandamus requiring the OIG to docket its overpayment claims at the SOAH, as requested by Shamrock.

Respectfully submitted,

_____
Jason Ray
State Bar No. 24000511
RIGGS & RAY, P.C.
506 West 14th Street, Suite A
Austin, Texas  78701
512 457-9806
512 457-9066 – Facsimile


## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with TRAP Rule 9.4 and contains 5,420 words in Times New Roman typeface of 14-point.

_____
Jason Ray

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by eservice on September 9, 2015 to the following:

Eugene A. Clayborn
Assistant Attorney General
Deputy Chief, Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Eugene.clayborn@texasattorneygeneral.gov

_____
Jason Ray

# Appendix to No. 03-15-00349-CV

SHAMROCK PSYCHIATRIC, P.A.

*Appellants*,

v.

TEXAS DEPARTMENT OF HEALTH AND HUMAN SERVICES,
KYLE JANEK, MD, EXECUTIVE COMM'R
AND DOUGLAS WILSON, INSPECTOR GENERAL

*Appellees,*

Ex. 1- Order Granting Motion to Dismiss for Lack of Jurisdiction
CR 205

Ex. 2- SOAH Order No. 11 (recounts procedural history of the case)
RR, Plaintiff's Ex. 9, same as Defendant's Ex. 15

Ex. 3- E-mails between OIG & Shamrock in September - October 2013
RR Plaintiff's Ex. 3, same as Defendant's Ex. 8

Ex. 4- OIG's status report indicating Shamrock's cases should be consolidated
RR Plaintiff's Ex. 5, same as Defendant's Ex. 9

Ex. 5- SOAH Order No. 5
RR Plaintiff's Ex. 6, same as Defendant's Ex. 10

Ex. 6- Final Notice of Overpayment
RR Defendant's Ex. 11

Ex. 7- Notice of Payment Hold
RR Defendant's Ex. 2

Ex. 8- OIG Motion to Dismiss Payment Hold
RR Defendant's Ex. 13

Ex. 9- SOAH Order No. 8 (denying OIG's Motion to Dismiss)
RR Defendant's Ex. 14

**Appendix to No. 03-15-00349-CV**

Exhibit 1- Final District Court Order Granting Motion to
Dismiss for Lack of Jurisdiction


CR 205

Filed in The District Court
of Travis County, Texas

MAY 0 6 2015

At _____ 11:10 _____ M.

Velva L. Price, District Clerk

CAUSE NO. D-1-GN-14-001833

| | | |
|---|---|---|
| SHAMROCK PSYCHIATRIC CLINIC, P.A., | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS DEPARTMENT OF HEALTH AND HUMAN SERVICES, KYLE JANEK, MD, Executive Comm'r and DOUGLAS WILSON, Inspector General, | § § § § § | |
| *Defendants.* | § | 126TH JUDICIAL DISTRICT |

## <u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK JURISDICTION</u>

On the 8TH day of January, 2015 came on to be considered Defendants' Motion to Dismiss for Lack of Jurisdiction in the above-styled and numbered cause.

The Court, having considered the pleadings, evidence, and arguments of the parties, is of the opinion that Defendants' Motion to Dismiss for Lack of Jurisdiction, is GRANTED, in all respects.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**, that Defendants' Motion to Dismiss for Lack of Jurisdiction is GRANTED, in all respects. All other claims and further relief not expressly granted herein is denied.

SIGNED this _6_ day of _May_ , 2015

_____
PRESIDING JUDGE

Case # D-1-GN-14-001833

004014303

1

205

# Appendix to No. 03-15-00349-CV

## Exhibit 2- SOAH Order No. 11
(recounts procedural history of the case)

RR, Plaintiff's Ex. 9, same as Defendant's Ex. 15

| SHAMROCK PSYCHIATRIC | § | BEFORE THE STATE OFFICE |
| CLINIC, P.A., | § | |
| Petitioner | § | |
| | § | |
| v. | § | OF |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION OFFICE | § | |
| OF INSPECTOR GENERAL, | § | |
| Respondent | § | ADMINISTRATIVE HEARINGS |

## ORDER NO. 11
## RECONSIDERING AND GRANTING MOTION TO DISMISS

During a prehearing conference on February 18, 2014, State Office of Administrative Hearings (SOAH) Administrative Law Judge (ALJ) Sarah G. Ramos considered the parties arguments regarding whether this case should be dismissed. Attorney Wendi Akins Pastorini represented Shamrock Psychiatric Clinic, P.A. (Shamrock), and attorneys Kevin Heyburn, Karen Pettigrew, and Amanda Patterson represented the Texas Health and Human Services Commission's (HHSC's) Office of Inspector General (OIG).

Resolution of the issue regarding dismissal requires consideration of two issues, the "payment hold issue," and the "recoupment" or "overpayment issue." OIG has withdrawn the payment hold imposed on Shamrock. In addition, although OIG committed to both Shamrock and SOAH that it would amend its pleadings to include the recoupment issue, OIG has not amended its pleadings and now requests dismissal of this case. Therefore, the ALJ has no petition or complaint on which to conduct a contested case hearing and finds the case should be dismissed from SOAH's docket.

A.    Payment Hold Issue Filed

OIG filed a notice of hearing and complaint on February 26, 2013, alleging that HHSC acted within its authority in suspending payment to Shamrock based on alleged coding and



EXHIBIT
15

billing violations in the Medicaid program. As authority, OIG cited Texas Government Code § 531.102(6)(2)(2011 vers.), which provides:

>     (2) In addition to other instances authorized under state or federal law, the office shall impose without prior notice a hold on payment of claims for reimbursement submitted by a provider to compel production of records, when requested by the state's Medicaid fraud control unit, or on receipt of reliable evidence that the circumstances giving rise to the hold on payment involve fraud or wilful misrepresentation under the state Medicaid program in accordance with 42 C.F.R. Section 455.23, as applicable. The office must notify the provider of the hold on payment in accordance with 42 C.F.R. Section 455.23(b).[1]

## B.     OIG's Motion to Dismiss

On January 3, 2014, OIG filed a motion to dismiss the payment hold issue without prejudice and asserted that it would proceed to recoup funds that allegedly had been overpaid. OIG asserts the payment hold issue is now moot because OIG has withdrawn its notice of hearing and complaint on the payment hold issue.

Further, OIG asserts the recoupment issue was never docketed at SOAH. With its motion to dismiss, OIG attached the final notice of overpayment sent to Shamrock on November 25, 2013. According to the letter, OIG determined that Shamrock had received an overpayment of $1,611,709. OIG included a compact disc with its calculations and extrapolation methodology on the recoupment. The letter further stated, in part:

>     **THIS SANCTION WILL BECOME FINAL AND UNAPPEALABLE UPON THE EXPIRATION OF 15 CALENDAR DAYS AFTER RECEIPT OF THE NOTICE OF FINAL SANCTION IF NO TIMELY REQUEST FOR APPEAL HAS BEEN RECEIVED BY HHSC-OIG.[2]**

---

[1] OIG also cited a repealed version of an HHSC rule, Texas Administrative Code (TAC) Title 1, § 371.1617 (2005). The rule was amended effective October 14, 2012. The repealed rule described types of violations that enabled HHSC to take action against a medical provider. The amended rule addresses "Finality and Collections" of sanctions.

[2] Emphasis in the original.

OIG contended that Shamrock did not file a request for appeal within 15 days of receiving the notice. Therefore, OIG moved to dismiss the case from SOAH's docket, asserting Shamrock's debt on the overpayment issue had become final.

In Order No. 8, the ALJ denied OIG's motion to dismiss. At the prehearing conference, OIG re-urged its motion, asserting Shamrock did not timely appeal the recoupment issue. OIG cited Texas Government Code § 531.1201 in support of its position. The statute; entitled "Appeal of Determination to Recoup Overpayment or Debt," became effective September 1, 2013, and provides:

> (a) A provider must request an appeal under this section not later than the 15th day after the date the provider is notified that the commission or the commission's office of inspector general will seek to recover an overpayment or debt from the provider. On receipt of a timely written request by a provider who is the subject of a recoupment of overpayment or recoupment of debt arising out of a fraud or abuse investigation, the office of inspector general shall file a docketing request with the State Office of Administrative Hearings or the Health and Human Services Commission appeals division, as requested by the provider, for an administrative hearing regarding the proposed recoupment amount and any associated damages or penalties. The office shall file the docketing request under this section not later than the 60th day after the date of the provider's request for an administrative hearing or not later than the 60th day after the completion of the informal resolution process, if applicable.
>
> . . .
>
> (d) Following an administrative hearing under Subsection (a), a provider who is the subject of a recoupment of overpayment or recoupment of debt arising out of a fraud or abuse investigation may appeal a final administrative order by filing a petition for judicial review in a district court in Travis County.

C.     Shamrock's Arguments

Shamrock argued that OIG's motion to dismiss should be denied. As Shamrock noted, OIG represented that it would amend the payment hold pleadings to include the recoupment

issue. In addition, Shamrock pointed out that a hearing was already set to consider both issues when OIG sent the letter regarding recoupment. The following summarizes events related to this issue:

1/20/13: Shamrock received a "Notice of Payment Hold."

2/4/13: Shamrock filed a written request with OIG pursuant to 1 TAC § 371.1709(d) [related to payment holds] for "an expedited informal review and an expedited administrative contested case hearing," pursuant to 1 TAC § 371.1615.

2/19/13: The case was docketed at SOAH.

2/26/13: A notice of hearing was filed regarding the payment hold issue.

9/1/13: Senate Bill 1803, Acts of May 14, 2013, R.S., enacting Texas Government Code §§ 531.120 and 531.1201, became effective. The section requires OIG to provide written notice of any proposed recoupment of an overpayment and requires a provider to request an appeal not later than 15 days after being notified that the OIG will seek to recover an overpayment.

9/17/13: OIG's attorney sent an email to Shamrock's attorney, stating, "Here is what I propose. We send you the final notice of overpayment and we set the overpayment case [recoupment issue] at SOAH, which won't have a hearing date until Spring 2014, then we now can consolidate both case[s]."

10/4/13: Shamrock's attorney informed OIG that he had discussed OIG's proposal with his client who had agreed to consolidate the cases. "Let's go ahead with the notice of overpayment, set it at SOAH, and consolidate both cases. Let me know when you receive this email and if I need to do anything," he wrote.[3]

10/7/13: OIG's attorney wrote Shamrock's attorney, "I will check with SOAH to see whether they want us to docket a separate case then consolidate or just file the overpayment case in the same case number as the payment hold (my preference). I believe we could be ready for a hearing on the overpayment issue in about 90 days."[4]

10/7/13: Shamrock's attorney wrote OIG's attorney, indicating that more than 90 days may be needed.

---

[3] Emphasis added.

[4] Emphasis added.

10/9/13: OIG's attorney filed a status report with SOAH, stating, "In addition to the payment hold, Respondent [OIG] is seeking recoupment of payments, which HHSC-OIG alleges [Shamrock] was not entitled to receive.   [OIG's] authority to recoup those overpayments is codified under . . . Texas Government Code Chapter 531; Chapters 32 and 36 of the Texas Human Resources Code; and Texas Administrative Code Chapter 371, Subchapter G."    Further, OIG's attorney stated, **"Counsels for [OIG and Shamrock] have agreed to consolidate both the payment hold and the overpayment into one proceeding in the interest of judicial economy.** Starting September 1, 2013, Petitioners have the option to have their overpayment hearing adjudicated in either Health and Human Services Commission Appeals Division or the State Office of Administrative Hearings.   Shamrock has opted to proceed to the overpayment hearing there at SOAH.   At this point, without the court's objection, HHSC-OIG would like to simply file an amended pleading reflecting the consolidated issues."[5]

10/21/13: SOAH Order No. 5 set a prehearing conference for 10/28/13 based on the parties request to consider how to proceed with discovery **pertaining to "the overpayment issues in light of the fact that the parties have agreed to consolidate the payment hold and overpayment issues into one proceeding."**[6]

*(handwritten margin note: "Issue already before the Court")*

10/28/13:   Prehearing conference.   The parties represented that consolidation of the payment hold and recoupment issues would save time and expense because issues were based on the same facts.[7]

10/29/13:   SOAH Order No. 6 was issued and stated, "[u]pon parties' agreement, the case was continued from November 5-7, 2013, to March 3, 2013, for 5 days."

12/2/13:   Shamrock received "Final Notice of Overpayment" from OIG.

1/2/14:   Shamrock filed appeal with SOAH and HHSC on overpayment issue.

1/3/14:   OIG filed a Motion to Dismiss Without Prejudice.   OIG states, "HHSC-OIG is withdrawing its February 26, 2013, Complaint and Notice of Hearing filed with the State Office of Administrative Hearings."   The motion also noted Shamrock's late filing of the request for an appeal of the recoupment issue and asserted that the issue is now moot under 1 TAC § 371.1617(a)(1).

1/6/14:   Shamrock filed a Response to the Motion to Dismiss and argued that the parties agreed that the payment-hold hearing would be consolidated with the overpayment

---

[5] Emphasis added.

[6] Emphasis added.

[7] The hearing was not recorded because the ALJ did not properly start the recorder.   The ALJ's recollections are based on her notes.

hearing. Shamrock asserted the parties verified their agreement at the prehearing conference on 10/28/13 and the case was continued accordingly.

1/8/14: OIG filed a reply to Shamrock's Response to Motion to Dismiss and asserted the original request for appeal in February 2013 does not apply to the final notice of overpayment that Shamrock received in December 2013. The request for appeal must be filed *after* the final notice of overpayment is received, OIG asserted. Even if parties agreed to consolidate hearing, Shamrock was still required to file its notice of appeal after receiving the final notice of overpayment. OIG argued that Government Code § 531.1201(a) is mandatory and that because OIG has withdrawn the payment hold claim, no issues remain pending before SOAH.

1/13/14: Shamrock responded to OIG's reply and provided documentation showing OIG agreed to consolidate the payment hold and recoupment hearings, and SOAH had set the consolidated hearing on 3/13/14.

1/14/14: SOAH Order No. 8 denied OIG's Motion to Dismiss. The order stated that Petitioner's email [of 10/4/13] gave OIG notice of its intent to appeal even before OIG sent the final notice of overpayment, the parties agreed to consolidate the payment hold and recoupment issues, and OIG committed to amend its pleadings to include recoupment.

2/5/14: OIG filed "Notice of Lift of Payment Hold." OIG asserted the payment hold was no longer in effect, OIG would offset the amounts due through recoupment against current payments that were not being withheld. OIG also re-argued its view that Shamrock filed an untimely appeal on the recoupment issue.

Based on the facts listed in the chronology, the ALJ recognizes that OIG asked Shamrock to consolidate the payment hold and recoupment issues, represented to SOAH that the parties had agreed to consolidate both issues into one proceeding in the interest of judicial economy, represented that it preferred to amend its payment hold pleading without getting another docket number, and asked for a continuance so that both issues could be heard together. Some months later, OIG sent formal notice of the recoupment to Shamrock. Shamrock did not file an appeal because it had relied on OIG's commitment to amend its pleadings and the ALJ had already set the hearing on both issues.

However, even though Shamrock relied on OIG's representations to its detriment, the ALJ cannot proceed to a hearing. OIG has withdrawn the payment hold issue, and it has neither

separately referred an overpayment claim to SOAH regarding Shamrock nor amended its pleadings to assert an overpayment claim.) The ALJ does not have authority to require OIG to amend its pleading to assert an overpayment claim in this case. As a result, there is no pending case for which the ALJ could receive evidence and issue a Proposal for Decision. Therefore, the ALJ dismisses this case from SOAH's docket pursuant to 1 TAC § 155.503(c)(1).

SIGNED March 3, 2014.

SARAH G. RAMOS
ADMINISTRATIVE LAW JUDGE
STATE OFFICE OF ADMINISTRATIVE HEARINGS

# Appendix to No. 03-15-00349-CV

Exhibit 3- E-mails between OIG & Shamrock in September - October 2013

RR Plaintiff's Ex. 3, same as Defendant's Ex. 8



Son Tran < sonvutran@gmail.com>

## Shamrock
7 messages

**Varela,Enrique (HHSC) < Enrique.Varela@hhsc.state.tx.us>**          Tue, Sep 17, 2013 at 8:07
To: "Son Tran (sonvutran@gmail.com)" <sonvutran@gmail.com>                                   AM

Hello Son,

Hope this email finds you well. We have the payment hold case coming up pretty fast and I wanted to
check in with you. Here is what I propose. We send you the final notice of overpayment and we set the
overpayment case at SOAH, which won't have a hearing date until Spring 2014, then we now can
consolidate both cases. Since the new legislation came down, providers are now entitled to have the
overpayment hearing at SOAH as opposed to HHSC appeals. The catch is that the providers now have to
pay half (state pays other half) of the cost to have it at SOAH. I'm not sure what that cost is but I can't
imagine that our hearing would be longer than one full day. The length of the hearing determines the cost.
Let me know your thoughts. Give me a call, if you like. Thanks.


Enrique M. Varela

Associate Counsel

Texas Health & Human Services Commission

Office of Inspector General

P.O. Box 85200, MC 1358

Austin, Texas 78708-5200

512-491-4052

512-833-6484 fax

enrique.varela@hhsc.state.tx.us



EXHIBIT

8

The information contained in this e-mail transmission is confidential. It may also be subject to privileges
relating to attorney-client communications, work product, or proprietary information. This information is
intended for the exclusive use of the addressee(s) named above. If you are not the intended recipient, you
are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)
named above), copying, or the taking of any action because of this information is strictly prohibited. If you
have received this information in error, please immediately notify us by return e-mail and delete this
message.

---

**Son Tran < sonvutran@gmail.com>**                                   Fri, Sep 20, 2013 at 2:43 PM

To: "Varela,Enrique (HHSC)" <Enrique.Varela@hhsc.state.tx.us>

Sorry for the late response. Let me talk with the client and I will let you know next week. Thanks.
[Quoted text hidden]

Son Tran
AKINS*BROOKS*TRAN
Attorneys At Law
440 Louisiana St., Suite 500
Houston, Texas 77002
Tel: (713) 236-7300
Fax (713) 224-6008

---

Varela,Enrique (HHSC) < Enrique.Varela@hhsc.state.tx.us>                Wed, Oct 2, 2013 at 8:57 AM
To: Son Tran <sonvutran@gmail.com>
Cc: "Johnson,Steve (HHSC)" <Steve.Johnson@hhsc.state.tx.us>

Good morning Son, I wanted to reach out and see if you were able to determine whether your client
would prefer to go directly to the overpayment hearing. I also wanted to let you know that I am leaving
OIG on the October 11, 2013. Steve Johnson, who I have cc'd here, is the litigation team lead here and
will be assigning this case to another attorney asap. Thank you and I enjoyed working with you on this
case.


Enrique Varela


From: Son Tran [mailto:sonvutran@gmail.com]
Sent: Friday, September 20, 2013 2:44 PM
To: Varela,Enrique (HHSC)
Subject: Re: Shamrock

[Quoted text hidden]

---

Son Tran < sonvutran@gmail.com>                                          Thu, Oct 3, 2013 at 4:53 PM
To: "Varela,Enrique (HHSC)" <Enrique.Varela@hhsc.state.tx.us>
Cc: "Johnson,Steve (HHSC)" <Steve.Johnson@hhsc.state.tx.us>, Windi Pastorini <winlaw@swbell.net>

Hi Enrique, I am still waiting on a decision by Dr. Ravichandran. It has been such a pleasure working with
you. Best of luck to you and the twins!
[Quoted text hidden]

---

Son Vu Tran < sonvutran@gmail.com>                                       Fri, Oct 4, 2013 at 3:44 PM
To: "Varela,Enrique (HHSC)" <Enrique.Varela@hhsc.state.tx.us>
Cc: "Johnson,Steve (HHSC)" <Steve.Johnson@hhsc.state.tx.us>, Windi Pastorini <winlaw@swbell.net>

Mr. Varela and Mr. Johnson, I have discussed your proposal with my client and he has agreed. Let's go
ahead with the notice of overpayment, set it at SOAH, and consolidate both cases. Let me know when you
receive this email and if I need to do anything. Thank you.

Son Tran
Attorney At Law
440 Louisiana St., Suite 800
Houston, Texas 77002

Tel: (713) 236-7300
Fax: (713) 224-6008
[Quoted text hidden]

---

**Johnson, Steve (HHSC)** < Steve.Johnson@hhsc.state.tx.us>          Mon, Oct 7, 2013 at 7:08 AM
To: Son Vu Tran <sonvutran@gmail.com>, "Varela,Enrique (HHSC)" <Enrique.Varela@hhsc.state.tx.us>
Cc: Windi Pastorini <winlaw@swbell.net>, "Pettigrew,Karen (HHSC)" <Karen.Pettigrew@hhsc.state.tx.us>

Mr. Tran,

As Enrique mentioned he will be leaving our department this week. I am writing to introduce myself and to let you know that I received this email. I will check with SOAH to see whether they want us to docket a separate case then consolidate or just file the overpayment case in the same case number as the payment hold (my preference). I believe we could be ready for a hearing on the overpayment issue in about 90 days. Do you have an idea of when you and your client would want to have that hearing? We have several open dates in January, 2014.

Thanks and I look forward to working with you to resolve this matter.

Steve J.

**From:** Son Vu Tran [mailto:sonvutran@gmail.com]
**Sent:** Friday, October 04, 2013 3:44 PM
**To:** Varela,Enrique (HHSC)
**Cc:** Johnson,Steve (HHSC); Windi Pastorini
**Subject:** Re: Shamrock

[Quoted text hidden]

---

**Son Vu Tran** < sonvutran@gmail.com>                                Mon, Oct 7, 2013 at 10:58 AM
To: "Johnson,Steve (HHSC)" <Steve.Johnson@hhsc.tx.us>
Cc: "Varela,Enrique (HHSC)" <Enrique.Varela@hhsc.state.tx.us>, Windi Pastorini <winlaw@swbell.net>,
"Pettigrew,Karen (HHSC)" <Karen.Pettigrew@hhsc.state.tx.us>

Mr. Johnson, we may need more than 90 days for the hearing. Ms. Pastorini and I will call you later this week to discuss the case. We look forward to personally meeting you. Let me know if there is anything I can do to assist you in docketing/consolidating the cases.

Son Tran
Attorney At Law
440 Louisiana St., Suite 800
Houston, Texas 77002
Tel: (713) 236-7300
Fax: (713) 224-6008
[Quoted text hidden]

**Appendix to No. 03-15-00349-CV**

Exhibit 4- OIG's status report indicating Shamrock's cases
should be consolidated

RR Plaintiff's Ex. 5, same as Defendant's Ex. 9

## SOAH DOCKET NO. 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
## HHSC-OIG CASE NO. P200904944

| | | |
|---|---|---|
| SHAMROCK PSYCHIATRIC CLINIC, P.A. Petitioner | §<br>§<br>§<br>§ | BEFORE THE STATE OFFICE |
| VS. | §<br>§ | OF |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION OFFICE OF INSPECTOR GENERAL Respondent | §<br>§<br>§<br>§<br>§ | ADMINISTRATIVE HEARINGS |

## RESPONDANT'S STATUS REPORT

TO THE HONORABLE ADMINISTRATIVE LAW JUDGE:

COMES NOW Respondent, Texas Health and Human Services Commission, Office of Inspector General ("HHSC-OIG" or "Respondent"), through their attorney Enrique Varela, and files this Status Report and would respectfully submit the following:

1.

This case is currently set for hearing on Tuesday, November 5-7, 2013. The purpose of the hearing is to determine whether a program violations exists to warrant the suspension of payment (payment hold) to Shamrock Psychiatric Clinic ("Petitioner" or "Shamrock"), pursuant to 1 Tex. Admin. Code §371.1617 (2005). In addition to the payment hold, Respondent is seeking recoupment of payments, which HHSC-OIG alleges Petitioner was not entitled to receive. Respondent's authority to recoup those overpayments is codified under the following: Texas Government Code Chapter 531; Chapters 32 and 36 of the Texas Human Resources Code; and Texas Administrative Code Chapter 371, Subchapter G.

2.



EXHIBIT

9

Counsels for Respondent and Petitioner have agreed to consolidate both the payment hold and the overpayment into one proceeding in the interest of judicial economy. Starting September 1, 2013, Petitioners have the option to have their overpayment hearing adjudicated in either Health and Human Services Commission Appeals Division or the State Office of Administrative Hearings.[1] Shamrock has opted to proceed to the overpayment hearing there at SOAH. At this point, without the court's objection, HHSC-OIG would like to simply file an amended pleading reflecting the consolidated issues. However, the parties have not had time to do specific discovery regarding overpayment issues. The parties would like input from the court on how to proceed.

3.

THEREFORE, Respondent and Petitioner request a pre-trial conference, prior to the November 5, 2013 trial setting already scheduled, to obtain court's opinion on this matter.

Respectfully submitted,

Douglas C. Wilson
Inspector General

Joy Sparks
Acting Deputy Inspector General
Chief Counsel

Enrique M. Varela
State Bar No. 24043971
11101 Metric Blvd.
Building I
Austin, Texas 78758
(512) 491-2075 Phone
(512) 833-6484 Fax

---

[1] Act of May 14, 2013, 83rd Leg., R.S., S.B. 1803, (to be codified at Tex. Gov't Code Ann. §531.102).

**Appendix to No. 03-15-00349-CV**

Exhibit 5- SOAH Order No. 5

RR Plaintiff's Ex. 6, same as Defendant's Ex. 10

SOAH DOCKET NO. 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

| | | |
|---|---|---|
| SHAMROCK PSYCHIATRIC CLINIC, P.A., Petitioner | § § § § | BEFORE THE STATE OFFICE |
| v. | § § | OF |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION OFFICE OF INSPECTOR GENERAL, Respondent | § § § § | ADMINISTRATIVE HEARINGS |

## ORDER NO. 5
### SETTING PREHEARING CONFERENCE

In a status report filed October 9, 2013, the parties requested a prehearing conference to consider how to proceed with discovery pertaining the overpayment issues in light of the fact that the parties have agreed to consolidate the payment hold and overpayment issues into one proceeding. The Administrative Law Judge sets a prehearing conference for **October 28, 2013, at 10:00 a.m.** at the State Office of Administrative Hearings. The ALJ will conduct the prehearing conference by telephone conference call.

SIGNED October 21, 2013.

_Sarah G. Ramos_
SARAH G. RAMOS
ADMINISTRATIVE LAW JUDGE
STATE OFFICE OF ADMINISTRATIVE HEARINGS

EXHIBIT
10
PENGAD 800-631-6989

**Appendix to No. 03-15-00349-CV**

Exhibit 6- Final Notice of Overpayment

RR Defendant's Ex. 11



# OFFICE OF INSPECTOR GENERAL

## TEXAS HEALTH & HUMAN SERVICES COMMISSION

DOUGLAS C. WILSON, CPA, CIG
INSPECTOR GENERAL

November 25, 2013

### ****FINAL NOTICE OF OVERPAYMENT****

*Via CMRRR No.7003 2260 0003 2558 2243*
Shamrock Psychiatric Clinic, P.A.
c/o Akins Brooks Tran
ATTN: Windi Akins Pastorini
440 Louisiana Street, Suite 800
Houston, Texas 77000

Re:    Shamrock Psychiatric Clinic, P.A. TPI 0826224; NPI 1891985271
       HHSC-OIG Case No. P200904944

Dear Provider:

The Texas Health and Human Services Commission Office of Inspector General (HHSC-OIG) conducted an investigation of claims submitted by you, Shamrock Psychiatric Clinic, P.A. ("Shamrock" or "Provider"), for payment under Medicaid or other HHS programs, during the approximate time period from on or about February 1, 2007 through November 30, 2011.

Pursuant to 1 Tex. Admin. Code § 371.171(c) (2) (2012), HHSC-OIG hereby determines that you received an overpayment in the amount of **$1,611,709.00**. This amount includes any funds paid in excess of the amount to which you were entitled under §1902 of the Social Security Act or other state or federal statutes for a service or item furnished within the Medicaid or other HHS programs. A compact disc containing the calculations and extrapolation methodology relied upon by HHSC-OIG to determine the overpayment amount is enclosed.[1]

---

[1] The compact disc is password protected. The password will be forwarded to you or your attorney by a separate email or you may request another method to receive the password.

EXHIBIT
11

PENGAD 800-631-8989

Shamrock Psychiatric Clinic, P.A.
November 25, 2013
Page 2

Specifically, HHSC-OIG has determined that:

During the approximate time period from February 1, 2007 through November 30, 2011, and at a time when Shamrock knew or should have known the following were violations, Shamrock claimed or caused to be claimed and received payments for:

a. Higher levels of services or treatments than that which were documented in patients' records;
b. Services or treatments that were not supported by adequate documentation; and
c. Services or treatments that were not provided in accordance with standard of care, including, but not limited to: utilization of medications that are not FDA approved for clinical situations and not a community accepted practice for specific patient age groups; lack of informed consent documentation; and formatted symptom descriptions within patient reports that did not provide specific characteristics of individual patients.

The above-referenced conduct constitutes a violation of one or more of the following: 1 Tex. Admin. Code § 371.1617(1)(A), (B), (E) and (I), (2)(A), (5)(A) and (G) and (6)(A) (2005.)

Unless otherwise determined by the administrative law judge for good cause, at any administrative hearing under this section before the State Office of Administrative Hearings, the provider shall be responsible for: (1) one-half of the costs charged by the State Office of Administrative Hearings; and (2) one-half of the costs for transcribing the hearing. To appeal this final sanction, you must file a written request for appeal which must be received by HHSC-OIG at the following address, no later than the 15th calendar day after the date of receipt of this notice:

Texas Health and Human Services Commission
Office of Inspector General
Attn: Steve Dallas Johnson, Associate Counsel
Mail Code I-1358
P.O. 85200
Austin, Texas 78708-5200

The letter requesting an appeal hearing must contain a statement as to the specific issues, findings, and/or legal authority in the notice letter with which you disagree, and the basis for your contention that the specific issues or findings and conclusions are incorrect. The request for a formal administrative appeal must be signed by you or your attorney.

**THIS SANCTION WILL BECOME FINAL AND UNAPPEALABLE UPON THE EXPIRATION OF 15 CALENDAR DAYS AFTER RECEIPT OF THE NOTICE OF FINAL SANCTION IF NO TIMELY REQUEST FOR APPEAL HAS BEEN RECEIVED BY HHSC-OIG.**

Shamrock Psychiatric Clinic, P.A.
November 25, 2013
Page 3

The effect of this determination becoming final creates a final debt in favor of the State of Texas. As such, you will have 30 days after this notice becomes final to pay the amount of the overpayment, negotiate a payment plan, or file a petition for judicial review. 1 Tex. Admin. Code §371.1617(b) (2012).

Please be aware that because of HHSC-OIG's identification of overpayment, consideration of any applications for enrollment or for new provider numbers may be postponed until final resolution of the matters described herein. 1 Tex. Admin. Code §352.11 (2012), 1 Tex. Admin. Code §371.1011 (2012) and 1 Tex. Admin. Code §371.1013 (2012).

If you have any questions, please contact me at (512) 491-5606.

Sincerely,

Steve Dallas Johnson
Associate Counsel
HHSC - OIG

Enclosure

**Appendix to No. 03-15-00349-CV**

Exhibit 7- Notice of Payment Hold

RR Defendant's Ex. 2



TEXAS HEALTH AND HUMAN SERVICES COMMISSION

January 24, 2013

KYLE L. JANEK, M.D.
EXECUTIVE COMMISSIONER

### ****NOTICE OF PAYMENT HOLD****

*Via CMRRR No. 7011 2970 0002 9418 5581*
*And Via First Class Mail*

Dr. Ravichandran
6300 Hillcroft Ste 210
Houston, TX 77081

Re: Dr. Guruswami Ravichandran d/b/a Shamrock Psychiatric Clinic; TPI 0826224; NPI Number 1891985271; HHSC-OIG Case No. P200904944

Dear Dr. Ravichandran:

The Texas Health and Human Services Commission Office of Inspector General (HHSC-OIG) is conducting an investigation of claims submitted by you, Dr. Guruswami Ravichandran d/b/a Shamrock Psychiatric Clinic, hereafter referred to as Shamrock, for payment under Medicaid or other HHS programs, during the period February 1, 2007 through November 30, 2011. A review of the evidence pertaining to this investigation indicates a pattern of non-compliance.

Pursuant to 1 Tex. Admin. Code § 371.1703(b) (2005), the purpose of this notice is to inform you of HHSC-OIG's imposition of a payment hold on payments of future claims submitted by Shamrock for reimbursement. HHSC-OIG has determined that prima facie evidence exists to support this payment hold. The violations that have been found, to date, as a result of the review and that form the basis for this sanction action explained in this notice are as follows:

1. During the approximate time period from February 1, 2007 to November 30, 2011, Shamrock submitted or caused to be submitted claims with a pattern of inappropriate coding or billing that resulted in excessive costs to the Medicaid program. Generally, at a time when Shamrock knew or should have known the following were violations, Shamrock claimed and received payments for up coded therapy services and for therapy services not supported by documentation contained in recipient files. This conduct constitutes a violation of 1 TEX. ADMIN. CODE § 371.1617(1)(A),(B),(E),(I), and 5(A),(G) (2005).

HHSC-OIG affords, to any provider or person against whom it imposes sanctions, all administrative and judicial due process remedies applicable to administrative sanctions, including an informal review, a formal administrative appeal hearing, or both. If both an informal review and formal appeal hearing are chosen, the formal appeal hearing and all pertinent discovery, prehearing conferences, and all other issues and activities regarding the

EXHIBIT
2

PENGAD 800-631-6989

formal appeal hearing will be abated until all informal review discussions have ended without settlement or resolution of the issues. 1 Tex. Admin. Code § 371.1703 (2005). Be advised that HHSC-OIG has the authority to recover costs related to a formal appeal hearing, including: the hourly SOAH fee, court reporter fees, deposition expenses and other discovery costs, witness expenses (including travel and per diem), staff preparation time (including salaries, travel, and per diem), and the costs of transcripts and copies. 1 Tex. Admin. Code § 371.1705(3) (2005).

A request for an informal review and/or expedited administrative appeal hearing must be received in writing not later than **ten (10) days** after the date you receive this notice of the payment hold at the following address:

Texas Health and Human Services Commission
Office of Inspector General
Corrie Alvarado, Associate Counsel
Mail Code I-1358
P.O. 85200
Austin, Texas 78708-5200

If you have any questions, or need further information, please contact me at (512) 491-5606.

Sincerely,

Corrie Alvarado
Associate Counsel
HHSC - OIG

Enc: 1. 1 Tex. Admin. Code § 371.1703
2. 1 Tex. Admin. Code § 371.1705

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Postmark Here

Sent To
Dr. Ravichandran
6300 Hillcroft Ste 21.
Houston, TX 77081

PS Form 3800, August 2006     See Reverse for Instructions

**Appendix to No. 03-15-00349-CV**

Exhibit 8- OIG Motion to Dismiss Payment Hold

RR Defendant's Ex. 13

| SHAMROCK PSYCHIATRIC CLINIC, P.A., | § | BEFORE THE STATE OFFICE |
|---|---|---|
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | OF |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION, OFFICE OF | § | |
| INSPECTOR GENERAL, | § | |
| Respondent. | § | ADMINISTRATIVE HEARINGS |

## RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE

TO THE HONORABLE ADMINISTRATIVE LAW JUDGE:

In accordance with 1 Tex. Admin. Code § 155.503(b)(1)(C) (2008), the Texas Health and Human Services Commission, Office of Inspector General ("HHSC-OIG" or "Respondent") files this Motion to Dismiss Without Prejudice, and would show the following:

### A.    INTRODUCTION

1.    A hearing on the merits is scheduled in this matter before the State Office of Administrative Hearings, to begin on March 3, 2014, at 9:00 a.m.

2.    HHSC-OIG is withdrawing its February 26, 2013, Complaint and Notice of Hearing filed with the State Office of Administrative Hearings.

### B.    ARGUMENT AND AUTHORITIES

3.    On November 25, 2013, HHSC-OIG served Petitioner, by and through its counsel of record, with a Final Notice of Overpayment. Proof of delivery shows receipt of the Final Notice of Overpayment by Petitioner's counsel of record on December 2, 2013. *See* Exhibit A.

EXHIBIT
13
PENGAD 800-631-6989

4.    Petitioner failed to file a written request for appeal of the Final Notice of Overpayment by the 15th calendar day after receipt, in accordance with 1 Tex. Admin. Code §371.1711(d)(3) (2012).

5.    Since Petitioner did not make a timely request for appeal of imposition of the final sanctions, the sanctions identified in the Final Notice of Overpayment became final January 1, 2014 (30 calendar days after receipt of the notice of final sanction). 1 Tex. Adm. Code. § 371.1617(a)(1) (2012).

6.    Pursuant to 1 Tex. Adm. Code. § 371.1617(b) (2012), the final sanctions resulting in recoupment, restricted reimbursement, assessment of damages, penalties, recoupment of audit overpayments, and/or other financial recovery creates a final debt in favor of the State of Texas.

7.    Petitioner's final debt in favor of the State of Texas renders Petitioner's request for hearing on and the instant Payment Hold action moot; consequently, the present matter is ripe for dismissal.

8.    Pursuant to 1 Tex. Admin. Code §155.503(b)(1)(C) (2008), the judge may dismiss a case or a portion of the case from the State Office of Administrative Hearings 's docket for mootness of the case.

9.    Therefore, based upon the aforementioned, Respondent requests that an order be entered dismissing this matter on the grounds of mootness.

## C.    PRAYER

WHEREFORE, Respondent prays that this Court issue an Order cancelling the hearing on the merits set for March 3, 2014, at 9:00 a.m., and dismissing this matter without prejudice from the State Office of Administrative Hearing's docket on the grounds of mootness.

Respectfully submitted,

Douglas C. Wilson
Inspector General

Joy Sparks
Acting Deputy Inspector General
Chief Counsel

Kevin Heyburn
State Bar No. 00790876
Steve Dallas Johnson
Associate Counsel
State Bar No. 00784349
Associate Counsel
11101 Metric Blvd.
Building I
Austin, Texas 78758
(512) 491-2832  Phone
(512) 833-6484  Fax
Kevin.Heyburn@hhsc.state.tx.us
**ATTORNEY FOR TEXAS HEALTH
AND HUMAN SERVICES
COMMISSION- OFFICE OF
INSPECTOR GENERAL**

**Appendix to No. 03-15-00349-CV**

Exhibit 9- SOAH Order No. 8

RR Defendant's Ex. 14

SOAH DOCKET NO. 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

| | | |
|---|---|---|
| SHAMROCK PSYCHIATRIC | § | BEFORE THE STATE OFFICE |
| CLINIC, P.A., | § | |
|     Petitioner | § | |
| | § | |
| v. | § | OF |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION OFFICE | § | |
| OF INSPECTOR GENERAL, | § | |
|     Respondent | § | ADMINISTRATIVE HEARINGS |

## ORDER NO. 8
## DENYING MOTION TO DISMISS

On January 3, 2014, attorney Kevin Heyburn, representing the Office of Inspector General for the Texas Health and Human Services Commission (OIG), filed a motion to dismiss the request of Petitioner Shamrock Psychiatric Clinic, P.A., related to the final notice of overpayment. OIG argued that Petitioner received the final notice of overpayment on December 2, 2013, and was required to file a request for appeal by the 15th calendar day after receipt, as provided in Title 1, Texas Administrative Code § 371.1711(d)(3)(2012). That section states:

> A person may request an administrative appeal hearing after receipt of a final notice of recoupment in accordance with § 371.1615 of this subchapter (relating to Appeals). OIG must receive the written request for an appeal no later than the 15th calendar day after the date the person receives final notice.

On January 6, 2014, Petitioner responded to the motion. OIG replied on January 8, 2014, and Petitioner again responded on January 13, 2014.

Petitioner has provided an email dated October 4, 2013, in which Petitioner agreed with OIG's suggestion to set the final notice of overpayment case at the State Office of Administrative Hearings on the same date Petitioner's payment hold case was set. The email reflects the parties' agreement that the payment hold and final notice of overpayment cases would be heard together in the spring of 2014. Petitioner's email gave OIG notice of its intent to



EXHIBIT
14
PENGAD 800-631-6989

appeal even before OIG send the final notice of overpayment. Thus, OIG had adequate notice that Petitioner intended to appeal both the payment hold case and the final notice of overpayment case.

By order issued October 29, 2013, the Administrative Law Judge (ALJ) set the hearing for March 3, 2014. For Petitioner to have requested a hearing when one was already set would have accomplished nothing because the parties had already agreed to consolidate the two cases for hearing.

Therefore, the Administrative Law Judge denies OIG's motion to dismiss. The hearing regarding both cases is consolidated and will be heard on March 3, 2014, at 9:00 a.m. The hearing is set for five days.

SIGNED January 14, 2014.

SARAH G. RAMOS
ADMINISTRATIVE LAW JUDGE
STATE OFFICE OF ADMINISTRATIVE HEARINGS